Proceeding by State on relation of City of Miami Beach, against Jerry W. Carter and others, as and constituting the Florida Railroad and Public Utilities Commission, and Coast Cities Coaches, Inc., involving issue as to whether the Railroad and Public Utilities Commission has jurisdiction to grant certificate of public convenience and necessity to Coast Cities Coaches, Inc., to operate motor buses from Haulover Beach Park to Hialeah and Miami Springs. From judgment entered, the City of Miami Beach appeals.
Affirmed.
The question which is presented on this appeal is whether the Florida Railroad and Public Utilities Commission has jurisdiction to grant a certificate of public convenience and necessity to the appellee Coast Cities Coaches, Inc., a Florida corporation, *Page 553 
to operate motor buses from Haulover Beach Park to Hialeah and Miami Springs, it being admitted that the proposed route would be through the municipalities of Surfside, Miami Beach, North Bay Village and Miami. The determination of this question revolves around the proper construction to be given to one of the exemptions contained in Sec. 323.29, F.S. 1941, F.S.A.
The exemption to which reference has just been made is as follows: "There shall be further exempted from the provisions of this chapter and from commission jurisdiction and control, persons operating motor vehicles * * * between cities and towns whose boundaries adjoin * * where such business of carriage is regulated by the legislative body of such cities and towns." It is contended by appellant, City of Miami Beach, since the proposed route provides for operation within the City of Miami Beach, between said city and adjoining cities and towns and in adjoining suburban territory that Coast Cities Coaches, Inc., is exempted from the provisions of Chapter 323, F.S. 1941, F.S.A., and from the jurisdiction and control of the Florida Railroad 
Public Utilities Commission. We are unable to agree with appellant's position.
The proposed route of operation begins at a point in Haulover Beach Park which is territory outside the corporate limits of any municipality, and then proceeds through Bal Harbour, Surfside, Miami Beach, North Bay Village, Miami, an area which is within Dade County but not within the limits of any incorporated city or town and lies between Northwest Seventh Avenue in Miami and the east border of the city limits of Hialeah, thence through Hialeah and south into Miami Springs. It is patent that this route does not lie wholly within the corporate limits of any city or town or entirely within the city limits of cities and towns whose boundaries adjoin. In construing the above quoted excerpt from Sec. 323.29, F.S. 1941, F.S.A., appropriate significance must be given the language "where such business of carriage is regulated by the legislative body of such cities or towns." It is clear that the exemption was intended to be applicable only in those instances where the operation of such business is regulated by the legislative bodies of the cities and towns within which the business of carriage is conducted. The cities and towns traversed by its route could not exercise jurisdiction over the operation of the business of carriage of Coast Cities Coaches, Inc., for it proposes to operate in areas which do not lie within the corporate limits of any city or town and between fixed termini with one of such termini being in unincorporated area. We do not find the clause "or the adjoining suburban territory" helpful to appellant in connection with the question here under consideration. We held in the case of Brack v. Carter et al., Fla., 37 So.2d 89, these words meant only that the exemption would apply where the primary business of carriage was wholly within the corporate limits of a city or town and the operation in adjoining suburban territory was fortuitous in character. The proposal of Coast Cities Coaches, Inc., although it may be said to encompass operation which is either within incorporated cities or towns, or within adjoining suburban territory, contemplates operating in the adjoining suburban territory as a part of its regular scheduled run between fixed termini and, therefore, such operation is not intended to be casual or merely incidental to the primary business of carriage.
It is suggested that consideration must be given to the words "between cities and towns" and that the word "between" connotes only operation within two cities whose boundaries adjoin. This argument is not without merit but it is unnecessary to turn the case upon such point. It is possible that the exemption contained in Section 323.29, F.S. 1941, F.S.A., might be applicable if the business of carriage conducted by persons operating motor vehicles should be wholly within the corporate limits of several adjoining cities or towns so that there would be no portion or portions of its operations which would not be subject to municipal regulation. This might be so because the entire operation of persons engaged in the business of carriage should be subject to the exclusive regulation of either cities or towns or the Florida Railroad Public Utilities Commission. As *Page 554 
aforesaid, it is unnecessary in the instant case to determine this question. Consequently, we will refrain from doing so. We wish to emphasize the fact that we are dealing with and considering only privately owned motor vehicles used in the business of carriage and are not here concerned with municipally owned transportation systems.
It is our conclusion that the proposed operation of business of carriage by Coast Cities Coaches, Inc., should be regulated by the Florida Railroad Public Utilities Commission for it is the only regulatory body which could, under the law, exercise complete and effective jurisdiction.
The final judgment from which this appeal was taken should be and it is hereby affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur.