The appellee-plaintiff procured a final decree enjoining the appellant from picking up and discharging passengers within Miami and thereupon the defendant appealed.
Section 323.07, F.S. 1941, F.S.A., authorizes the Railroad Commission to supervise and regulate all those engaged in common carriage and further provides that: "The commission, in the exercise of the jurisdiction conferred upon it by this chapter, may make orders and prescribe rules and regulations affecting such auto transportation companies, notwithstanding the provisions of any ordinance or permit of any incorporated city or town, city and county, or county, or village, and in case of conflict between any such order, rule or regulation, any such ordinance or permit, the order, rule or regulation of the commission shall in each instance prevail." Section 323.07, F.S. 1941, F.S.A.
Section 323.29, F.S. 1941, F.S.A., in prescribing that certain transportation shall be exempt from the jurisdiction of the Railroad Commission, states: "There shall be further exempted from the provisions of this chapter and from commission jurisdiction and control, persons operating motor vehicles within the corporation limits of any city or town or the adjoining suburban territory, or between cities and towns whose boundaries adjoin, or over and upon state road number seventy-eight south to Ponte Vedra and the territory adjacent to said state road within a radius of ten *Page 667 
miles thereof, where such business of carriage is regulated by the legislative body of such cities or towns."
The Code of Miami prescribes that those engaged in the "Transportation of passengers for compensation shall first procure a certificate of public convenience and necessity" (Section 209) but exempts from this exaction "any motor vehicle while it is being operated under the supervision and regulation of the Railroad Commission of the State of Florida." Section 208 of Chapter 55, City Code of Miami.
Since the appellant is a permittee of the Railroad Commission, it is not within the exemptions provided by Section 323.29, supra, but on the contrary is subject to rules and regulations of the Railroad Commission, and the valid rules and regulations of the Railroad Commission are paramount to those of any city, as specifically prescribed by Section 323.07, supra.
The bill fails to charge that the appellant-defendant, when engaging in intra-city business, is violating any rule or regulation of the Railroad Commission, and the answer of appellant does not assert that in picking up and letting out passengers in intra-city business it is doing so as an exaction of any rule or regulation of the Railroad Commission. It does not appear that the Railroad Commission either prohibits or requires it.
Section 208 of Chapter 55 of Miami's Code exempts from Section 209 of Chapter 55 "any motor vehicle while it is being operated under the supervision and regulation of the Railroad Commission," which Section 209 of Chapter 55 requires the procurement from the City of a certificate of public convenience and necessity before engaging in the business of transporting passengers for compensation.
Had the Railroad Commission exacted the picking up and letting off of passengers by rule or regulation, the case would be different.
The pivotal question seems to be whether Section 209 is applicable to the appellant. It appears that this section is not applicable to the appellant by reason of the exemption provided in Section 208, supra.
In the case of State of Florida ex rel. City of Miami Beach, Appellant v. Carter, Appellees, Fla., 39 So.2d 552, 553, we stated: "* * * the entire operation of persons engaged in the business of carriage should be subject to the exclusive
regulation of either cities or towns or the Florida Railroad and Public Utilities Commission." (Italics supplied.) Although such pronouncement was not necessary to the determination of that particular case, it is consonant with the italicized provision of section 323.07 hereinabove set forth.
Since it has not been made to appear that appellant has violated any law or any rule or regulation of the Commission, the decree appealed should be reversed and the bill dismissed.
SEBRING and HOBSON, JJ., concur. *Page 764