SEBRING, Justice.
The appeal is from a decree in favor of the plaintiffs below, up on their complaint for declaratory relief.
Miami Beach Air Transport, Inc., and Checker Cabs, Inc., are holders of certificates of public necessity and convenience from the Florida Railroad and Public Utilities Commission. The certificate held by Miami Beach Air Transport, Inc., authorizes it to transport passengers over the public highways between Dade County International Airport through certain municipalities in Dade County, including the City of Miami Beach “over irregular routes and on such schedules as may be necessary to adequately serve the airline flights to and from said Dade County International Airport;” and in the transportation of said passengers provides “passengers may be picked up and discharged at the carrier’s terminal in the City of Miami Beach, and in addition thereto passengers destined for said airport may be picked up at any point in either of said cities or towns on the specific request of either of the airlines serving said airport, and passengers from the airport may be discharged at any point designated by them in either of said cities or towns ifc >}c
The certificate held by Checker Cabs, Inc., authorizes it to transport by motor busses passengers “for tour sightseeing purposes only — limited common carrier,” over a designated route starting from the City of Miami Beach and traversing the highways to points of interest in Dade County.
The question on this appeal is whether or not the holders of these certificates are required to secure certificates of convenience and necessity from the City of Miami Beach as a condition to carrying on the operations authorized by the Florida Railroad & Public Utilities Commission.
 We are of the opinion that this question is settled by the decisions of State ex rel. City of Miami Beach v. Carter, Fla., 39 So.2d 552, and Brack v. Carter, 160 Fla. 845, 37 So.2d 89. In the first mentioned case it is recognized that as a general rule “the entire operation of persons engaged in the business of carriage should be subject to the exclusive regulation of either cities or towns or the Florida Railroad & Public Utilities Commission.” 39 So.2d at page 553. The provisions of section 323.29, Florida Statutes, F.S.A., exempting from the Commission’s control certain carriage traffic between cities and adjoining areas, was construed as applicable only “where the primary business of carriage was wholly within the corporate limits of a city or town and the operation in adjoining suburban territory was fortuitous in character”, citing Brack v. Carter, supra. The Court found that where, as in that case and in the case at bar, the primary operations involved are regular runs to or from a fixed terminal outside the municipal area and are not merely casual or incidental to a carriage business within city boundaries, then the Commission “is the only regulatory body which could, under the law, exercise complete and effective jurisdiction.” State ex rel. City of Miami Beach v. Carter, supra, 39 So.2d at page 554.
It does not appear that the municipality concerned in this proceeding has been *839 granted any special statutory authority such as that considered in City of Pensacola v. King, Fla., 47 So.2d 317; Brack v. Carter, Fla., 47 So.2d 896. The conclusion of the Court in that case, with reference to “the power of the legislature to extend the regulatory function of the city beyond its corporate limits” [47 So.2d 320] by express statutory provisions, is therefore not controlling or material in the disposition of this appeal.
The decree should accordingly be affirmed.
It is so ordered.
MATHEWS, C. J., and TERRELL, THOMAS and ROBERTS, JJ., concur.