156 So.2d 842 (1963)
CITY OF PLANTATION, a municipal corporation of Broward County, Florida, Appellant,
v.
UTILITIES OPERATING CO., Inc., a Florida corporation, Appellee.
No. 32240.
Supreme Court of Florida.
July 31, 1963.
Rehearing Denied October 22, 1963.
James J. Linus, Fort Lauderdale, for appellant.
English, McCaughan & O'Bryan, Fort Lauderdale, and J. Lewis Hall of Hall, Hartwell & Hall, Tallahassee, for appellee.
THORNAL, Justice.
By direct appeal we have for review a final decree of a circuit court sustaining the *843 validity of Chapter 367, Florida Statutes, F.S.A., against an assault upon its constitutionality.
We must decide whether Chapter 367 impairs the obligation of a pre-existing franchise agreement between the appellant City and the appellee Utility.
By its complaint the City of Plantation sought declaratory relief in the circuit court. The complaint alleged that in 1954 the City and the appellee Utility Company entered into a thirty-year franchise agreement. By the contract the Utility agreed to construct and operate water and sewage systems within the City boundaries. The agreement provided for reasonable rates and saved to the City the authority to determine such reasonableness. Five years later the Florida Legislature enacted Chapter 59-372, Laws of 1959, known as the "Water and Sewer System Regulatory Law." This is now Chapter 367, Florida Statutes, F.S.A. The cited statute authorizes the Florida Railroad and Public Utilities Commission to regulate the rates charged by water and sewer companies, in those counties which are placed under the law by resolution of the Board of County Commissioners. It is admitted that Broward County, in which the City of Plantation is located, has been brought within the scope of the statute. In its declaratory decree proceeding the City contended that the statute impairs the obligation of the pre-existing contract between the municipality and the Utility. This is so, claims the City, because by the contract the City reserved the power to regulate the water and sewer rates. The subsequent statute conveys this rate regulatory authority to the Florida Railroad and Public Utilities Commission, thereby nullifying the power formerly enjoyed by the City. The circuit judge was of the view that the statute did not do violence to State and Federal constitutional provisions which preserve the sanctity of contracts against legislative impairment. The final decree to this effect is now submitted for review.
The appellant, by its brief, points to the terms of the franchise agreement regarding its reservation of authority to regulate rates. It then argues that the provisions of the State and Federal Constitutions which prohibit the passing of laws impairing the obligation of a contract, protect the franchise agreement against the rate regulatory provisions of Chapter 367, Florida Statutes, F.S.A. Article I, Section 10, Constitution of the United States; Section 17, Declaration of Rights, Florida Constitution, F.S.A.
If the agreement between the parties were a private arrangement between individuals that did not involve a restriction upon the state's police power, the contentions of the appellant would be sound. There is no doubt that by conveying to the state Utilities Commission the power to regulate rates, the Legislature pre-empted the pre-existing authority which the City had reserved by the franchise agreement. Nevertheless, the constitutional rule against impairment does not apply to a contract of the nature now under consideration. This is so because a municipality cannot foreclose the exercise of the State's police power by such an arrangement. Puget Sound Traction Light & Power Co. v. Reynolds, 244 U.S. 574, 37 S.Ct. 705, 61 L.Ed. 1325.
Article XVI, Section 30, Florida Constitution, vests in the Legislature full power to regulate charges and services performed by public utilities. Until the Legislature undertakes to assert this power, a franchise arrangement, such as the one before us, may properly provide for rate regulation by a municipality. Such an agreement, however, is presumed to have been made with full knowledge of the inherent reserved power of the State to alter the contract regarding rates at such time as the Legislature deems it appropriate to assert the power under the Constitution. It also follows that when the parties enter into such a contract they do so with the full realization that the contractual *844 provisions are ineffective to preclude subsequent legislative action in the exercise of the State's police power. We have said that "[t]he right to exercise the police power is a continuing one." Miami Bridge Co. v. Railroad Commission, 155 Fla. 366, 20 So.2d 356; Florida Power Corp. v. Pinellas Utility Board, Fla., 40 So.2d 350, and on rehearing, Fla., 40 So.2d 844. This continuing power cannot be interrupted or intercepted by the execution of a contract such as the one which we now consider. 12 Am.Jur. Constitutional Law, Section 412 and Section 421; Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816.
We have disposed of the only point for reversal presented by the appellant's brief. The points assigned as error but not discussed are deemed waived. Rule 3.7(i), Florida Appellate Rules, 31 F.S.A.
The decree of the chancellor is affirmed.
It is so ordered.
DREW, C.J., and TERRELL, THOMAS, O'CONNELL, CALDWELL and HOBSON, JJ., concur.