## In re TRANSIT COMPANY OF THE PALM BEACHES.
### No. 7116-CCB.
Florida Public Utilities Commission.
September 8, 1964.

John P. Bond, Miami, for the respondent.

John R. Alexander, Tallahassee, for the commission's staff and the public generally.

Chairman EDWIN L. MASON, Commissioners JERRY W. CARTER and WILLIAM T. MAYO each participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to due notice, a public hearing was held in the above docket by the commissioner's duly designated examiner, William L. Weeks, on June 26, 1964 in the commission's hearing room, Whitfield Bldg., Tallahassee.

The examiner's report and recommended order were duly served on all the parties. No exceptions were filed. The entire record herein, including the testimony at the public hearing, have all been examined by the full commission. After due consideration the commission now enters its own order in this cause.

There is no dispute as to the facts in this proceeding and counsel have stipulated thereto. The respondent is the holder of certificate of public convenience and necessity no. 712, which authorizes the transportation of passengers by bus to, from, and between several cities in Palm Beach County, including Lake Worth, on regular routes and schedules. The Lake Worth service in question was wholly intracity. The respondent had filed certain of its intercity schedules with this commission, but had not filed the schedules of the Lake Worth service. On July 1, 1963, the respondent dis-

continued its scheduled service in the city of Lake Worth without first advising this commission or asking its permission to do so. Also, the respondent's Lake Worth operation was de facto regulated by the city council of Lake Worth.

Commission rule 310-5.19(A)(1) provides as follows —

"All certificated regular route common carriers whose operations are on regular schedules shall file and maintain on file with this commission ten (10) typewritten or printed copies of its timetables, showing all of its current schedules."

Commission rule 310-5.18(3), also involved, provides as follows —

"No certificated common carrier shall discontinue or suspend the service called for under its certificate and timetable filed thereunder without the approval of the commission upon written application therefor."

The respondent, being charged in show cause order no. 5882, with violations of both of the above rules, defended on the basis that — (1) it could not be guilty of a violation of 310-5.18(3) because it had not discontinued a service which was called for by a timetable filed with the commission; and (2) the respondent could not be guilty of a violation of either of the above rules because its Lake Worth operation was wholly intracity and therefore without the jurisdiction of this commission by virtue of the municipal exemption contained in subsection 323.29(1), Florida Statutes.

The so-called "municipal exemption" of section 323.29, reads as follows —

"There shall be further exempted from the provisions of this chapter and from commission jurisdiction and control, persons operating motor vehicles within the corporate limits of any city or town or the adjoining suburban territory, or between cities and towns whose boundaries adjoin, where such business or carriage is regulated by the legislative body of such cities or towns."

Counsel for the commission's staff, contending that the municipal exemption did not apply in this case, pointed out that section 323.07, Florida Statutes, provides as follows —

" . . . The commission, in the exercise of the jurisdiction conferred upon it by this chapter, may make orders and prescribe rules and regulations affecting such motor carriers [every motor carrier in the state operating under the authority of this chapter], notwithstanding the provisions of any ordinance or permit of any incorporated city or town, city and

county, or county, or village, and in case of conflict between any such order, rule or regulation, and such ordinance or permit, the order, rule or regulation of the commission shall in each instance prevail. No municipality shall have the right to require any such motor carrier to furnish any bond or insurance policy, or pay any license, fee or tax except as herein provided."

It was further contended that rule 310-5.18(3) should receive a liberal construction, rather than the strict construction urged by the respondent.

Applying a strict construction to rule 310-5.18(3), it is implied that before a violation can be found the respondent must have a timetable on file with the commission. However, the commission finds that this rule is remedial in nature, rather than punitive, and that a liberal construction is therefore called for. Accordingly, under the provisions of rule 310-5.18(3), the respondent was bound not to discontinue the Lake Worth service called for under its certificate without first having obtained approval from the commission upon written application.

As to respondent's second contention, the commission finds that the municipal exemption of section 323.29 does not apply in this case. In this connection, the case of Mercury Cab Owners Association v. Miami Beach Air Transport, Inc., 77 So.2d 837 (Fla. 1955), is controlling. In that case the Supreme Court, in discussing the municipal exemption contained in 323.29, stated —

" . . . The entire operation of persons engaged in the business of carriage should be subject to the *exclusive* regulation of either cities or towns or the Florida Railroad and Public Utilities Commission." (Italics added.)

From this, it is clear that the respondent, having once subjected itself to the jurisdiction of the commission by applying for the authority it holds under certificate no. 712, cannot now be under the jurisdiction of the city of Lake Worth for regulatory purposes with respect to the routes and schedules in question.

It is therefore ordered that the respondent, Transit Company of the Palm Beaches, Inc., P. O. Box 753, West Palm Beach, Florida, be and the same is hereby found guilty as charged in show cause order no. 5882, for failure to file all of its routes and schedules with this commission in violation of rule 310-5.19(A)(1).

It is further ordered that said respondent be and the same is hereby found guilty as charged in said order for failure to obtain this commission's permission before discontinuing its routes and schedules as aforesaid.

It is further ordered that fines be and the same are hereby levied against the respondent in the amount of $50 on the above counts, for a total of $100, but that the same be suspended inasmuch as the violations did not appear to be willful, but rather the result of a misinterpretation of the law.