PER CURIAM.
For the second time, Langley appeals a decree of final injunction entered in this cause. In the prior appeal[1] we held that the Railroad and Public Utilities Commission, and not the City of Jacksonville, had jurisdiction to regulate taxicab businesses operating principally in the surrounding unincorporated area with only casual or incidental operation within the city. The instant appeal is from a final decree enjoining Langley from operating his taxicabs in the City of Jacksonville except as same might be casual, incidental and fortuitous to his taxicab business operated primarily outside the city.
Appellant submits four points on this appeal of which the first three seek to question the sufficiency of the evidence to support the chancellor’s findings of fact and conclusions of law. After remand, the chancellor listened to the testimony of 36 witnesses produced by the plaintiff and 32 witnesses brought in by defendant. Their testimony consists of five volumes aggregating 965 pages. We have carefully reviewed the testimony received by the patient chancellor and in answer to appellant’s first three points on appeal conclude that:
1. The testimony supports the chancellor’s findings that Langley’s taxicab operation was a subterfuge and an attempt by him to avoid complying with the terms of the ordinances of the City of Jacksonville ;
2. The evidence supports the chancellor’s findings that Langley’s taxicab operation adversely affected New Deal’s revenue and caused it irreparable injury; and
3. The evidence supports the chancellor’s conclusion that Langley was conducting a taxicab business within the City of Jacksonville.
By his fourth and final point on appeal, appellant contends that this decree is phrased in such language that he cannot with definiteness comply with the terms thereof. The learned chancellor explained in his “Ruling By The Court”, which encompassed some twelve pages of the transcript, the basis for entering the injunction. Of particular interest are the following excerpts of said Ruling which we quote with approval:
“To put the problem in focus as was stated at the beginning of the final hearing and agreed to by all parties, and as stated again when the evidence was closed yesterday and agreed to by all parties, what the Court had to deal with is spelled out in the opinion of the First District Court of Appeal in this case, reported at 138 So.2d 789, decided March 6, 1962. In that opinion the Court of Appeal takes up the contentions made by the two parties in this court and in the Appellate Court. New Deal Cab Company consistently took the position in this Court and in *342 the Appellate Court that any operation of taxicabs by the defendant within the city limits of the City of Jacksonville was impermissible. The defendant Langley consistently took the position in this Court and in the Appellate Court that any operation of taxicabs by the defendant was permissible so long as the originating point of a given trip was outside the city limits of the City of Jacksonville, or so long as the terminating point of a particular trip was outside the city limits of the City of Jacksonville; and that any operation along the route from outside the city limits to within the city limits or from within the city limits to outside the city limits was permissible, including the picking up and discharging of passengers entirely within the city limits. The Court of Appeal pointed out that neither of those contentions was correct, made an analysis of the previous decisions of the Supreme Court, and particularly called attention to the decisions of the Supreme Court in Brack against Carter at 37 So.2d 89, and State ex rel City of Miami Beach against Carter, 39 So.2d 552.”
* * * * * *
“The evidence in this case reveals that the defendant Langley had a concept which he transmitted with greater or lesser degree of perfection to his subordinates in the operation of his taxicab business. His concept was that so long as a trip of one of his taxicabs originated outside the city limits of the City of Jacksonville or terminated outside of the city limits of the City of Jacksonville, that it was permissible for that taxicab operated under his authority to traverse the streets of the City of Jacksonville, to discharge within the limits of the City of Jacksonville passengers picked up outside of Jacksonville, and to pick up passengers in Jacksonville who were to be discharged outside of Jacksonville. His entire operation was designed on the basis of that concept, and was carried out on the basis of that concept. It is his position in this Court at this final hearing that if a trip originates or terminates outside of the City of Jacksonville, operation within the City of Jacksonville is merely casual or incidental. It was apparently his concept, only imperfectly understood by his subordinates who were in charge of the operation in his absence in the capacity of dispatchers, that the picking up and discharging of passengers wholly within the limits of the City of Jacksonville would not be permissible. The actual operations were somewhat different from this concept; but laying that aside for the moment, the Court finds that the designed, planned, and conceptual operation, as well as the execution of that operation, if no picking up and discharge of passengers wholly within the city limits had taken place, would be impermissible under the law expressed by the Court of! Appeal.”
* * * * *
“The defendant’s operation was designed to be carried on primarily within, the city limits of Jacksonville. His, principal operation was designed to and. was carried out in the city limits. The-operation in the suburban territory-outside the limits of Jacksonville was. in fact a casual or incidental or for--tuitous operation.”
*{c ijc í«í >¡1 # jfc
“That any operation having any of the aspects of the operation that was. carried on would be a violation of the injunction; that ‘casual’ means casual as defined in the definitions read; and '‘incidental’ means incidental as defined', in the definitions read; and ‘fortuitous’ means fortuitous as defined in the-definitions read. It would be a violation of this injunction to continue to operate primarily on trips into the City of! Jacksonville, • even though the origi— *343 nating point of the trip was outside of the city. It would be a violation of the injunction to operate principally on trips that begin in the City of Jacksonville, although they end outside of the city; and it would, of course, be an unquestioned violation of the injunction for a taxicab of the defendant to pick up a passenger within the city and discharge that passenger within the city.”
We are unable to improve upon the clear, concise and erudite decree entered by the able chancellor.
Affirmed.
STURGIS, C. J., and WIGGINTON and RAWLS, JJ., concur.

. Langley v. New Deal Cab Company, 138 So.2d 789 (Fla.App.1st, 1962).