## Application of VIA FLORIDA, Inc.
No. 8622-CCB.

Florida Public Service Commission.

February 17, 1967.

Henry W. Clar and William A. Ingraham, both of Miami, for the applicant.

Dan R. Schwartz and Sol H. Proctor, both of Jacksonville, for Wylly's Sportsman, Inc., protestant.

John T. Bond, Miami, for Gray Line Sightseeing Tours, Inc., Tropical Coach Lines, Inc., Florida Transportation Co., Inc., Gray Line of Fort Lauderdale, Inc., and Red Top Limousine Service, Inc., protestants.

John P. Bond, Hialeah, for Turfway Lines, Inc., protestant.

The following commissioners participated in the deposition of this matter — WILLIAM T. MAYO, Chairman, JERRY W. CARTER and EDWIN L. MASON.

BY THE COMMISSION.

Pursuant to notice the commission by its duly designated examiner, Harold E. Smithers, held a public hearing on the above application in Miami on October 13, November 14 and 15, 1966.

Protestants' motion to dismiss (tr. 241-44) is referred to the commission pursuant to rule 310-282.

The commission, having fully considered the entire record herein, now enters its order in this cause.

At the conclusion of the applicant's case the application was amended to restrict against charter service and to delete three proposed tours entitled — (1) Caravana of Florida, (2) Cypress Gardens, and (3) Pioneer City. With these amendments protestants Greyhound and Tamiami withdrew. The applicant does not propose to avail itself of commission rule 310-5.42(8), but rather will run each tour daily as scheduled. In effect, the amended application seeks authority to transport Spanish speaking passengers exclusively on five designated tours within the so-called municipal exempt area of Miami with the exception of Parrot Jungle which lies within the rural area of Dade County a few miles southwest of Coral Gables.

Mr. Corredor, a shareholder and proposed manager of Via Florida, was associated with a for-hire permittee which recently had its permit cancelled. The applicant corporation was established for the sole purpose of obtaining authority and conducting the proposed operation and there does not appear to have been much organizational or operational plan. Although it is conceivable that the applicant corporation might be qualified to conduct a limited for-hire operation, it does not appear to have sufficient background in common carrier bus operations to make the proposed service feasible.

The applicant presented representatives of three prior for-hire permit holders in support of the application, Granlatina de Turismo Corp., Dixie Tours, and Americana Tours. Since it appears that most of the passengers about whom these people testified originate in the Latin and South American countries on presold package tours, the vast majority of the proposed transportation is merely the continuation of transportation in

foreign commerce over which this commission has no jurisdiction. Further, during the past two years protestants Gray Line and Wylly's have not had the opportunity nor been called upon to provide the service proposed and for which the above witnesses indicated a need. Two representatives of their respective Miami Beach hotels at which some of the prospective passengers stay, testified but did not present any probative evidence or indicate a familiarity with the existing carriers or services required by their patrons.

Protestant Turfway did not present any evidence nor was it in attendance following the first day of the hearing. Protestants Wylly's and Gray Line presented evidence generally related to their authority, equipment and operations. These latter two carriers provide similar tours and have on occasion transported Spanish speaking people although mostly on a charter basis. Each indicated that it provided either Spanish speaking drivers or guides when requested in advance. Both seemed interested in furnishing this service. Wylly's has not supplemented its exhibit 8 in providing the complete authority under which it operates. From the record, Wylly's does not have authority to provide any of the transportation service proposed except under certificates of public convenience and necessity issued by the cities of Miami Beach and Miami, both of which are in conflict with the jurisdiction of this commission as enunciated by the Supreme Court in Mercury Cab v. Miami Beach Air Transport, 77 So. 2d 837. Still the existing carriers in the area have not, during the past two years, had an opportunity to provide the proposed service.

From the foregoing findings, the commission concludes that the applicant has not shown that it is qualified to provide the proposed service nor that public convenience and necessity require the grant of the application in any respect whatsoever; and that the grant of the application would adversely affect the existing transportation facilities in the territory involved.

It is therefore ordered that the application of Via Florida, Inc., 517 Dade Federal Building, Miami, for a common motor carrier certificate of public convenience and necessity authorizing the transportation of passengers on sightseeing tours in Spanish exclusively for Latin American tourists over eight routes designated in the application, be and the same is hereby denied. It is further ordered that in light of the above, the motion to dismiss by protestants is hereby denied.

Commissioner CARTER dissents.