BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Public Service Commission.
Petitioner, on March 28, 1968, filed five applications for “grandfather certificates” under Florida Statute § 323.29(5), F.S.A., which provides in part as follows:
“The exemptions provided in this section shall not extend to the transportation of household goods by motor carrier and all such transportation between all points and places shall be subject to regulation under this part and subject to commission jurisdiction and control; provided, however, that all persons engaged in such transportation, which is not already authorized in a certificate issued by the commission and which prior hereto was exempted from regulation, may apply prior to April 1, 1968, for a certificate under § 323.03 to continue such transportation and the commission shall issue such certificates without the necessity of proving public convenience and necessity upon a showing of substantial and continuous operations prior hereto, with or without public hearing as the commission may deem necessary * * (e.s.)
Previously in August of 1964, the Commission had issued Certificate of Public Convenience and Necessity No. 862 to Mid-Florida Van Lines, Inc. Certificate No. 862 authorized the transportation of major household appliances from dealers or warehouses to residences within Brevard County. All of the municipalities requested in five applications presently under consideration are in Brevard County.
The examiner held a hearing on the applications; found that the applicant had operated as a household goods carrier prior to August 4, 1968, and recommended the applications be granted. The Commission, after hearing, denied the applications, stating:
“One of the applicable cases referred to by protestants herein is Mercury Cab Owners Association vs. Miami Beach Transport, Inc., [Fla.] 77 So.2nd 837, which states the general rule as follows:
‘* * * it is recognized that as a general rule “the entire operation of persons engaged in the business of carriage should be subject to the exclusive regulation of either cities or towns or the Florida Railroad and Public Utilities Commission,” [State ex rel. City of Miami Beach v. Carter, Fla., 39 So.2d 552.] 39 So.2nd at page 553.’
“Thus, even if the applicant here was in a substantial and continuous operation as a local household goods mover in the various municipalities applied, such operations would be contrary to the holding in the above said case, as well as various Commission orders. If the Commission were to grant the applications herein, it would be rewarding applicant for engaging in what appears to be illegal moves.”
Petitioner contends that the Commission erred in holding that the case of Mercury Cab Owners Association v. Miami Beach Transport, Inc.,[1] precluded granting the applications because, although petitioner had been issued Certificate No. 862, that certificate was dormant and petitioner’s operations during the years in question were not *683 under the authority of Certificate No. 862 granted by the Commission.
Petitioner’s counsel did not learn that Certificate No. 862 was dormant in time to bring this matter to the attention of the Commission in connection with the applications under consideration. Since we feel that, in all fairness, the Commission should have an opportunity to consider the dormancy aspect, we remand the cause to the Commission for reconsideration of Order No. 8265 in light of the alleged dormancy of Certificate of Public Convenience and Necessity No. 862.
It is so ordered.
ERVIN, C. J., CARLTON and ADKINS, JJ., and MANN, District Court Judge, concur.

. 77 So.2d 837 (Fla.1955).