OWEN, Judge.
Appellant, the owner-operator of a private sewerage facility in Brevard County, Florida, seeks review of a final judgment in a declaratory judgment proceeding, which judgment enjoined appellant from increasing its monthly rate to certain customers and ordered arbitration pursuant to the provisions of a written agreement executed by appellant.
*133 The written agreement, executed in October, 1962 between appellant and a mortgage servicing company, was made for the benefit of the present and future customers of appellant. It specified the rates to be charged initially and provided that in the event the appellant utility desired to increase its rates the company would be required to give 90 days written notice to all of its customers after which the increased rate would go into effect unless within such 90-day period more than one-third of the customers signified in writing their opposition to the rate charge. If this occurred, the rate increase would be held in abeyance while the matter of the rate increase was either negotiated between the utility and its customers or settled by arbitration. Of particular importance to this suit was a provision whereby the written agreement was to terminate automatically at such time as “the rates, services and operation of the company are placed by law under the jurisdiction of a regulatory commission or other governmental agency or body empowered to fix rates and to which a consumer of the company may seek relief.”
By letter dated July 10, 1969, appellant notified its customers of a proposed rate increase to become effective October 1, 1969. Within the 90-day period more than one-third of appellant’s customers signed petitions in opposition to the proposed rate increase. Nevertheless, the appellant proceeded to put the rate increase into effect on October 1, 1969, whereupon appellee, for himself and others as beneficiaries under the agreement, brought this declaratory judgment action.
Appellant defended on the ground, among others, that Chapter 67-1145, Laws of Florida, Special Acts of 1967, granted to the Board of County Commissioners of Brevard County, Florida the authority “to regulate the operation of all water supply systems and sanitary sewerage systems in the unincorporated areas of the county”, and gave the Brevard County Commission the authority to regulate the rates, services and operation of the company. It was appellant’s contention in the trial court (and is here) that upon Chapter 67-1145 becoming law on July 6, 1967, the agreement had by its own terms automatically terminated at that time and was not in effect at the time of the rate increase proposed for October, 1969.
The trial court found from the evidence that while the Board of County Commissioners of Brevard County had implemented a portion of the authority granted it under Chapter 67-1145, it had not effectively implemented that portion of the statute giving it authority to fix or regulate rates of privately owned utilities nor had it effectively set up the necessary procedures for hearings on proposed rate changes. The court thereupon concluded that the agreement had not been terminated, and ordered the appellant to comply with its provisions concerning rate increases.
We agree with appellant’s contention that upon Chapter 67-1145, Laws of Florida, Special Acts of 1967, becoming law on July 6, 1967, the agreement was automatically terminated. The statute had the effect of granting to the Board of County Commissioners of Brevard County the sole and exclusive authority to regulate the operation of sanitary sewer systems in the unincorporated areas of the county (excluding municipalities operating systems beyond their corporate limits) which authority specifically included the fixing of rates. Appellees strongly contend that because the Board of County Commissioners of Brevard County had not implemented the statutory authority to establish procedures for hearings on proposed rate changes, it was not a “governmental agency or body empowered to fix rates and to which a consumer of the company may seek relief”. This argument must fall for two reasons. First and foremost, a private agreement of this type purporting to retain control over rate fixing procedures must necessarily yield to legislative action which vests the rate-making powers in a governmental agency or body. Plantation *134 v. Utilities Operating Co., Fla.1963, 156 So.2d 842. Secondly, once a statute vested such authority in the Board of County Commissioners of Brevard County, a legal remedy was available whereby such board could have been required to establish hearing procedures.
Our determination that the contract was automatically terminated upon Chapter 67-1145 becoming law will be of no comfort to appellant, because it finds itself “hoist by its own petard”. The statute, which had the effect of freeing appellant from consumer control over rate increases, also had the effect of vesting the Board of County Commissioners of Brevard County with the sole and exclusive authority to fix the rates to be charged by appellant for use of its sewage facilities. Appellant cannot be heard to claim on the one hand that the statute vested rate making authority in the county commission (thereby automatically terminating the agreement), and on the other hand that the statute did not effectively vest rate making authority in the county commission (thereby leaving appellant at liberty to set its own rates). From the record it appears that the rate increase which appellant put into effect on October 1, 1969, was a unilateral act on the part of the appellant which was neither authorized nor approved by the Board of County Commissioners. Absent such authorization or approval by the agency having exclusive regulatory powers over appellant, its action in unilaterally imposing upon the consumers a rate increase was illegal and void.
That portion of the final judgment which restrained and enjoined appellant from collecting the increased rate and which ordered a refund to consumers of the increased amounts collected since October 1, 1969, should not be disturbed and it is therefore affirmed. That portion of the final judgment which determined the written agreement to remain in force and effect, and which ordered the parties to proceed with arbitration in accordance with the provisions of such agreement must necessarily be reversed. Upon the going down of our mandate an amended judgment should be entered consistent with the views herein expressed. However, the court takes notice of the fact that Chapter 70-604, Laws of Florida, Special Acts of 1970, enacted subsequent to the judgment appealed, has transferred to the Florida Public Service Commission jurisdiction over private utility systems in Brevard County, and our decision will not affect appellant’s right to apply to that body for appropriate relief in accordance with law.
Other points raised by appellant were directed to procedural and evidentiary questions, which while not without merit, become moot in view of our disposition of the principal issue involved in the case.
The judgment is affirmed in part and reversed in part and the cause remanded for further proceedings consistent herewith.
WALDEN and REED, JJ., concur.