### CESERY CONSTRUCTION CO., et al v. JACKSONVILLE SUBURBAN UTILITIES CORPORATION.

No. 75-11740-CA.

Circuit Court, Duval County.

August 12, 1976.

Franklin Reinstine of Reinstine, Reinstine, Panken & Oberdorfer, Jacksonville, for the plaintiffs.

William A. Van Nortwick, Jr., of Martin, Ade, Birchfield & Johnson, Jacksonville for the defendant.

JOHN E. SANTORA, Jr., Circuit Judge.

This matter came on to be heard upon the defendant's motion to dismiss second amended complaint.

Plaintiffs, developers and owners of apartments in Jacksonville, brought a suit seeking damages, injunctive relief and specific performance of an agreement (the "service agreement") dated October 2, 1961, between plaintiffs and St. Johns Utilities, Inc., a predecessor company to defendant, a water and sewer utility company, which provides, among other things, for a fixed rate to be charged plaintiffs by defendant for water utility service to certain apartments owned by plaintiffs. Plaintiffs' original complaint was dismissed without prejudice. Plaintiffs' amended complaint, seeking damages and specific performance was dismissed, with prejudice with regard to the claim for specific performance and dismissed, without prejudice, as to all other claims. Plaintiffs' second amended complaint seeks relief only for compensatory damages.

Defendant moved to dismiss the second amended complaint on the grounds that, *inter alia*, the second amended complaint failed to state a cause of action for damages against defendant.

After due notice a hearing was held before the court with respect to the matters raised in the motion to dismiss second amended complaint. Having heard argument of counsel for the parties and being fully advised in the premises, the court finds that plaintiffs' second amended complaint fails to state a cause of action for damages against defendant.

The issued presented by plaintiffs' second amended complaint is set forth in paragraph 6 of said second amended complaint, wherein plaintiffs allege as follows —

That as a result of the Florida Public Service Commission's Order of March 21, 1975 and the Defendant billing Plaintiffs based on the new rate established by the Commission rather than on the rates previously paid by the Plaintiffs pursuant to the Service Agreement of October, 1961, the compensation fixed by paragraph 10 of said Service Agreement has been nullified and the Defendant, without payment of just compensation to the Plaintiffs in violation of Plaintiffs' right of due process pursuant to the Constitution of the State of Florida, retains the right to serve Plaintiffs' property with water, which right the Defendant acquired from the Plaintiffs only by reason of the Service Agreement of October, 1961.

As the court stated in its order of April 27, 1976, wherein the court dismissed, with prejudice, plaintiffs' amended complaint with regard to claims for specific performance, it is clear under Florida law that the Florida Public Service Commission possesses the power to regulate rates to be charged by the defendant, regardless of the existence of a private contract providing for utility rates. The Supreme Court of Florida held in *City of Plantation v. Utilities Operating Co.*, 156 So.2d 842 (Fla. 1963), that an agreement between a private party and a public utility —

". . . is presumed to have been made with full knowledge of the inherent reserved power of the State to alter the contract regarding rates at such times as the Legislature deems it appropriate to assert the power under the Constitution. It also follows that when the parties enter into such a contract they do so with the full realization that the contractual provisions are ineffective to preclude subsequent legislative action in the exercise of the State's police power." *Id.* at 843-844.

Because, as a matter of law, the plaintiffs must be presumed to have entered into the service agreement with the full knowledge of the inherent power of the state, through the Florida Public Service Commission, to modify the rates established in the service agreement, the plaintiffs cannot now claim to have been damaged by reason of the exercise of that very power by the Public Service Commission. Further, the actions of the commission in setting defendant's rates and of the defendant in billing plaintiffs based on those rates do not violate plaintiffs' rights of due process under the constitution of the state of Florida. Thus, the rates set by the Public Service Commission must supersede the rates provided in the service agreement and must be utilized by the defendant in charging the plaintiffs for water utility service. *Union Dry Goods Co. v. Georgia Public Service Corp.*, 248 U.S. 372 (1919); *Miami Bridge Co. v. Railroad Commission*, 20 So.2d 356 (Fla. 1944); *City of Plantation v. Utilities Operating Co.*, 156 So.2d 842 (Fla.

1963); and *State ex rel. Washington University v. Public Service Commission*, 272 S.W. 971 (Mo. 1925).

It is, therefore, ordered and adjudged that the defendant's motion to dismiss second amended complaint is granted and plaintiffs' second amended complaint is dismissed with prejudice.