**Application of JACKSONVILLE SUBURBAN UTILTIES CORPORATION.**

Docket No. 750364-S.   Order No. 7902.

Florida Public Service Commission.

July 20, 1977.

William A. Van Nortwick, Jr. of Martin, Ade, Birchfield & Johnson, Jacksonville, for the applicant.

Kenneth F. Hoffman, Tallahassee, for Fletcher Properties, Inc., intervenor.

Leon F. Olmstead for the commission staff and the public generally.

The following commissioners participated in the disposition of this matter — Commissioners WILLIAM H. BEVIS and WILLIAM T. MAYO.

BY THE COMMISSION.

Pursuant to notice, the commission by its duly designated hearing examiner, P. Michael Ruff, held a public hearing on this matter in Jacksonville on March 15, 1977.

The examiner's recommendations were served. Timely exceptions thereto were filed and oral argument was heard on June 27, 1977. Having considered all of the evidence we now enter our order.

On June 25, 1975, the utility filed an application requesting permission to increase its service availability charges for sewer service in the Royal Lakes - Baymeadows sewer system. After public hearing, by Order No. 7262, dated June 7, 1976, we denied the application. The applicant filed a timely petition for reconsideration. After oral argument, we issued Order No. 7463 on October 7, 1976, approving specified service availability charges as to persons who, as of the date of the order, did not have a signed service availability agreement, and ordered further hearings as to those with signed service availability agreements to determine whether or not the increased service availability charges would be applicable to them.

The applicant provided copies of all existing service availability agreements for the sewer system herein concerned and, after notice, a public hearing was held thereon as above noted.

The applicant and protestant both filed proposed findings and memoranda of law with the examiner as required.

The examiner's recommendation was duly filed and served as above noted. Exceptions thereto were taken by intervenor/protestant, Fletcher Properties, Inc., and oral argument was heard on June 27, 1977.

The hearing examiner recommended —

> "Recommended that the application of Jacksonville Suburban Utilities Corporation for an increase in service availability charges be granted and that the utility be authorized to establish permanent connection charges of $472 per equivalent residential connection for sewer, as provided in Order No. 7463, and that the charges authorized by that order be henceforth uniformly applied to all customers, including those who had existing service availability agreements on October 7, 1976, the date of that order. It is further
>
> Recommended that the escrow provision and other provisions of Order No. 7463, not treated in the first recommending paragraph above, remain in full force and effect."

The intervenor/protestant, in its exceptions, contended —

1. The hearing examiner incorrectly relied upon . . . Order No. 7650, in reaching his conclusions. That . . . contract dated October 20, 1972, which date is subsequent to the enactment of Section 367.101, Florida Statutes, which became law in late 1971. The contract at issue here was entered into on January 7, 1971.

2. The hearing examiner failed to consider . . . Section 367.11(3), (1969), Florida Statutes, which was in effect at the time of the entering into the agreement here at issue, specifically precluded the commission from regulation of contracts for service availability charges.

3. The hearing examiner failed to consider that the legislature had exercised its police power in 1971 and had specifically excluded contracts of the nature here considered from the jurisdiction of the commission.

4. The hearing examiner improperly failed to give any consideration to the fact that the existing law was incorporated into and made a part of the contract between Fletcher and Jacksonville Suburban Utilities Corporation.

5. The hearing examiner improperly failed to consider the illegal retroactive application of Section 367.101, Florida Statutes, to Fletcher.

6. The hearing examiner improperly ignored the language of Section 378.011, Florida Statutes, which clearly states that Chapter 378, Florida Statutes, is not to be contrued to impair vested rights. [sic]

7. There is no evidence to support the examiner's inferred conclusion that Fletcher would profit from expanded sewage treatment capacity.

8. The examiner erred in concluding that without the recommended charge increase there would be discrimination in the utility's service area.

9. . . . New customers will, in effect, be paying only for new facilities, which are not required by Fletcher . . .

In its reply to the exceptions the utility contended —

1. The fact that the subject contract predated Chapter 367, Florida Statutes, in its present form, is irrelevant.

2. The matters raised by Fletcher in paragraph 2-6 are without merit as the examiner's recommendation, concluding to the contrary, presumably rejected these points.

3. The subject of paragraph 7 of Fletcher's exceptions is refuted by the contract provisions as well as the transcript.

4. Paragraph 8 of the exceptions is refuted by the record.

5. Paragraph 9 is not supported by the record.

The only question to be resolved herein is whether or not the increased service availability charges approved by Order No. 7463 are applicable to developers who had signed agreements covering service availability charges which agreements were executed prior to the effective date of Order No. 7463 (October 7, 1976).

Fletcher Properties, Inc., was the only protestant to appear herein. It protested at the first hearing but did not oppose the petition for reconsideration of Order No. 7262. It contends the commission is without jurisdiction to modify the contract between Fletcher and the utility which is dated January 7, 1971, and amended on October 7, 1972.

The initial contract (X-1) recognizes in paragraph 7(f) that prices of main extensions may increase and provides therefor, and paragraph 13 recognizes the need for changes in service availability charges by providing that this contract will not be precedent to lands not included in the contract (411.32 acres).

The contract is silent as to plant capacity charges or main capacity charges outside of the developer's property specifically identified therein.

The protestant contends that the law in effect at the time of the initial contract specifically excluded service availability charges from the jurisdiction of the Florida Public Service Commission and, therefore, the Public Service Commission cannot, by reason of subsequent change in the law, acquire jurisdiction over service availability charges as specified in the contract.

The contention might be true and valid as to connections which have been made and paid for. To attempt to change the charges therefor would be to give the law retroactive effect.

However, to say that the law cannot be changed and what was once without the jurisdiction of the commission cannot later be brought within the jurisdiction of the commission is specious reasoning on its face. *Midland Realty Co. v. Kansas City Power and Light Co.*, 300 U. S. 109, (1937). Contracts with public utilities as to rates or charges are presumed to have been made in view of the continuing control of the legislature, under the police power, to regulate public utilities in the public interest. 64 Am. Jur. 2d, *Public Utilities,* §§81-83, inc., and cases cited.

In the Midland Realty Case (supra) the court was faced with a contract that predated the statute providing for regulation of the utility service concerned (steam for heating). The court stated, at p. 114, "Plainly, enforcement of the rate in accordance with the statute did not violate either the contract clause of the Constitution, or the due process clause of the Fourteenth Amendment."

The court also stated, at p. 113, ". . . the state has power to annul and supersede rates previously established by contract between utilities and their customers." (Citation omitted.) See also: *City of Plantation v. Utilities Operating Co.*, 156 So.2d 842 (Fla. 1963), appeal dismissed 379 U. S. 2; *Hampton Utilities Co. v. Hampton Homeowners Association*, 252 So.2d 286 (4th D. C. A. Fla. 1971).

The commission action is only to modify the contract as to service availability charges that must be paid for connections to the utility's system prospectively; that is, after the effective date of order authorizing the increase. (See Order No. 7650, Docket No. 760299-WS and citations therein.)

The provisions of the contract must give way to the subsequent statutory changes relative to the subject thereof. *M. A. Felmon Co. v. WJOL, Inc.*, 243 N. E. 33 (Ill. 1968); *Miami Bridge Co. v. Railroad Commission*, 20 So. 2d 356 (Fla. 1944). Parties cannot, by contract, limit in any way the valid exercise of the police power of the state. *Miami Bridge Co. v. Railroad Commission*, supra. (See also: 9 ALR 1428, 1435 & 6.)

The protestant asserts that the contract with the utility provided for increases in *rates* but not *charges*.

We believe this is a distinction without a difference. Section 367.081(1), Florida Statutes, provides —

> "Rates and charges being charged and collected by a utility shall be changed only by approval of the commission."

Both rates and charges are required to be just, reasonable, and non-discriminatory. To hold otherwise would be contrary to Section 367.101, Florida Statutes, and thus unlawful. We believe the attempt to distinguish between *rates* and *charges* for the purpose of these proceedings is without merit.

The cases cited by Fletcher in support of its position are clearly distinguishable. In the Fleeman Case (342 So.2d 815, Fla., December 22, 1976), the plaintiffs were attempting to invalidate contracts that predated the statute; whereas, herein the commission action is limited to modification of charges to be paid from and after the effective date of the commission order. This is proper. *Midland Realty Co. v. Kansas City Power and Light Co.*, supra.

On the basis of the facts herein and the law we must reject the protestant's exceptions and approve the examiner's recommendations.

It is therefore ordered that the application of Jacksonville Suburban Utilities Corporation, Post Office Box 8004, Jacksonville, Florida, for increased service availability charges, as approved

by Order No. 7463 dated October 7, 1976, be and the same is hereby approved insofar as those charges will be paid by all persons, including those with developer's agreements in effect prior to the date thereof.

It is further ordered that the exceptions filed by Fletcher Properties, Inc., intervenor/protestant herein, be and the same are hereby rejected.

It is further ordered that Order No. 7463 be and the same is hereby affirmed in all other aspects.