## STATE v. PAXTON.
No. 78-36 AC (F) 02.

Circuit Court, Palm Beach County, Criminal Appeal.

May 24, 1978.

Lawrence Langer, Special Assistant State Attorney, for the appellant.

Andrew Chasen, Fort Lauderdale, for the appellee.

MARVIN MOUNTS, Jr., Circuit Judge.

*Opinion:* Appellee finds himself in this court on appeal from the following facts.  Appellee received a license from the then Florida Railroad and Public Utilities Commission to transport houses and buildings between points and places in Broward and Palm Beach counties over irregular routes.  That license was Order Number 4207 and Docket Number 4335-FH.

The Florida Railroad and Public Utilities Commission is now known as the Florida Public Service Commission. The license, which is known as a "for hire" carriage type, requires that its holder comply with permit requirements of the State Road Department whenever specific house moves are to be made.

Appellee obtained a State Department of Transportation permit for moving houses and buildings over highways on November 30th, 1977. That permit was numbered B42446 and cost twenty-five dollars. It authorized him to move a frame building over State Roads, 5, 810 and 7 to a point two miles west of State Road 441 on Palmetto Park Road. It further stated that the building was to be moved on December 1st, 1977.

On December 1st, 1977 the appellee was cited for violation of Palm Bach County Ordinance 72.3. This ordinance and its amendment numbered 72.9 make it a criminal misdemeanor for a person to transport or move a house over a county road without acquiring a county permit. No allegation is made that appellee did not have his two Florida licenses, his vehicle identification cab cards and that the Department of Transportation permit did not specifically read that he could transport the house on Palmetto Park Road.

On February 22nd, 1978 County Court Judge Harold J. Cohen entered an order reaffirming his earlier order of January 30th, 1978 granting defendant's motion to dismiss on the ground that Chapter 323 of the Florida Statutes preempts County Ordinance 72-3. This appeal followed.

As a general rule, the entire operation of persons engaged in the business of carriage should be subject to the exclusive regulations of either the commission or a city or town, as opposed to joint regulations. 27 Fla. Jur., Railroad, etc., Commission §97. Two Florida cases support that proposition. State ex rel. Miami Beach v. Carter, 39 So.2d 552 (Fla. 1949); Mercury Cab Owners Asso. v. Miami Beach Air Transport, Inc., 77 So.2d 837 (Fla. 1955). To the same effect is the rather clear language of Florida Statute 323.07 —

> The commission, in the exercise of the jurisdiction conferred upon it by this part may make orders and prescribe rules and regulations affecting such motor carriers, *notwithstanding the provisions of any ordinance or permit of any* incorporated city or town, city and *county,* or county, or village, *and in case of conflict between any such order, rule or regulation, and such ordinance or permit, the order, rule or regulation of the commission shall in each instance prevail.* No municipality shall have the right to require any such motor carrier to furnish any bond or insurance policy, or pay any license, fee or tax except as herein provided. — '
> (Emphasis supplied.)

As recently as 1965 our Supreme Court stated in Coast Cities Coaches, Inc. v. Dade County, 178 So.2d 703 at page 708 —

> The Public Utilities Commission does not have jurisdiction over transit operations conducted by counties or cities within the territorial limits of such counties or cities. See State v. Dade County, supra; City of St. Petersburg v. Carter, Fla., 39 So.2d 804. Such operations on the one hand and those conducted by motor carriers under certificates of public convenience and necessity issued by the Public Utilities Commission on the other, are in separate spheres, with each deriving its authority from the Constitution, via the electors of Dade County in one instance (Dade County Home Rule Charter), and the legislature in the other. Dade County may not encroach upon the powers and jurisdiction of the Public Utilities Commission in its regulatory field and that commission may not encroach upon the powers of Dade County to, itself, operate a unified transportation system.

To the same effect is the holding that a municipality cannot foreclose the exercise of the state's police power by the execution of a contract which places a restriction upon the state's police power. See City of Plantation v. Utilities Operating Company, 156 So.2d 842 (Fla. 1963).

As the appellee points out, the Palm Beach County Ordinance exacts requirements of the applicant (including a $50 fee per application) which are in direct conflict with the state scheme and are also redundant. Additionally, there is little or no merit to the appellant's argument that the traffic control law of our state, notably §316.550, gives the county the power to require permits of motor carriers who are already certificated under Chapter 323 of the Florida Statutes.

Florida Statute 316.550 was meant to authorize counties to supervise use and weight load on highways under exclusive county jurisdiction and maintenance. Appellant's argument, carried to its logical extension, would have the county ordinance preempting the state chapter covering motor carriers. It is interesting that the definition or public highways contained in Florida Statute 323.01(5) is —

> "Public highway" means every public street, road or highway in this state, and in the case of common carriers holding certificates to transport general commodities over specified highways, the term "public highway" shall comprehend the area abutting the same for a distance of two airline miles on either side thereof.

The definition of "road" as contained in Section II(3) of Ordinance Number 72-9 is as follows —

> The word "road," when used herein, shall be deemed to mean any publicly dedicated right-of-way or state secondary road system without or within any municipality which is under the control and jurisdiction of the Board of County Commissioners of Palm Beach County, Florida.

Construed in a reasonable manner, the legislature intended to permit counties to issue permits for special moving purposes when the applicant does not enjoy a state license issued under Chapter 323 and will move his property only on a county road. This is a benefit to the individual citizen of that county who is able to avoid the perhaps more cumbersome process of going to the state authorities in order to get a state certificate.

This opinion does not reach the argument made by the appellee that the state has made the great majority of traffic infractions into civil penalties whereas the county by its ordinance classified appellee's conduct as a crime.

The trial court is correct. The county ordinance is clearly preempted by Chapter 323, Florida Statutes, in those situations where a citizen has obtained the proper state licenses from the Public Service Commission and the Department of Transportation. The order is affirmed and the clerk is instructed to issue the necessary mandate following the proper appellate interval.