225 So.2d 564 (1969)
Elias GANEM, Appellant,
v.
Herlinda Ganem de ISSA, Victoria Ganem De Jacir, Susana Ganem De Viveros and Olga Andraus Vda De Ganem, Appellees.
No. 69-348.
District Court of Appeal of Florida. Third District.
July 22, 1969.
Rehearing Denied September 4, 1969.
Fowler, White, Collins, Gillen, Humkey & Trenam and Richard S. Banick, Miami, for appellant.
Smathers & Thompson and William C. Lewis, Jr., Miami, for appellees.
Before CHARLES CARROLL, HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellant was the defendant below in an action brought by the numerous appellees for an accounting and damages due to the alleged wrongful acts of the defendant. Appellant moved to dismiss the complaint, and as grounds for such motion, relied upon the doctrine of forum non conveniens, and also the doctrine of non interference in the affairs of a foreign business entity. This motion was filed without supporting affidavits, and indicated that the *565 defendant had filed a legal action against the plaintiffs in the country of Columbia about thirty-three days after the time he himself had been personally served in the instant law suit. In opposition to the defendant's motion to dismiss on the grounds of forum non conveniens, the plaintiffs filed and served affidavits which tended to show that the litigation would not be impeded or inconvenienced by being prosecuted in Dade County, and that the defendant was a resident of Florida. The circuit court, in the exercise of its judicial discretion, denied the defendant's motion to dismiss, specifically rejecting the application of the doctrine of forum non conveniens and the doctrine of non-interference in the internal affairs of a foreign business entity. The defendant has taken this interlocutory appeal from the above order.
The general principle in Florida is that the doctrine of forum non conveniens is applicable when the cause of action arose in another jurisdiction, and in addition, neither party to that action resides in Florida. Southern Railway Company v. McCubbins, Fla.App. 1967, 196 So.2d 512; Atlantic Coast Line Railroad Co. v. Ganey, Fla.App. 1961, 125 So.2d 576. In resisting the appellant's motion to dismiss, the appellees submitted affidavits intended to demonstrate that the second requisite of the above doctrine was not present, i.e., that the defendant was in fact a resident of Florida. These affidavits included the findings of private investigators who were hired to locate the defendant, and the record does not reflect any evidence in opposition to this contention.
In order to prevail in his motion to dismiss, the defendant had to show that a more expedient forum for the action was available, and that prosecution of this law suit in the Dade County Circuit Court would be so impracticable or so inconvenient to the defendant as to deny him a fair trial. On the other hand, it was the burden of the plaintiff to demonstrate that the defendant was a resident of Florida, and hence not entitled to the above defense.
After viewing the record, we are not convinced that the appellant has carried his burden of showing that the trial court abused its discretion in determining that the doctrine of forum non conveniens did not apply. In determining the relative proof of the above factors, the trial judge appears to have acted without error in the exercise of his judicial discretion. Southern Railway Co. v. Bowling, Fla.App. 1961, 129 So.2d 433.
We find no merit in appellant's contention that the doctrine of non-interference in the affairs of a foreign business entity applied to the facts at bar. See Babcock v. Farwell, 245 Ill. 14, 91 N.E. 683.
Affirmed.
CHARLES CARROLL, Judge, concurs in the judgment.