269 So.2d 740 (1972)
Elias GANEM, Appellant,
v.
Herlinda GANEM de Issa et al., Appellees.
No. 72-35.
District Court of Appeal of Florida, Third District.
November 21, 1972.
Rehearing Denied December 21, 1972.
*742 Helliwell, Melrose & DeWolf, and William E. Sadowski, Miami, for appellant.
Smathers & Thompson, and William C. Lewis, Jr., Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by defendant Elias Ganem from a final summary judgment in favor of plaintiffs, who are related to him, which awarded money damages of about One Million, Eight Hundred Thousand Dollars, and other relief. The order appealed, which we reproduce in pertinent part in margin,[1] stems from adjudications *743 *744 of contempt entered against the defendant and the striking of certain of his pleadings for noncompliance with certain orders. This case has been here on other occasions.[2]
The appellant has presented for reversal the following contentions: 1. The court erred in entering final judgment by virtue of striking his answer and denying him an opportunity to defend on the merits, violating Florida and Federal due process and rights under a treaty of 1846 between the United States and Colombia. 2. The court, in failing to apply Colombian law, denied him Federal and Florida due process and rights under the 1846 treaty. 3. and 4. The appellee-plaintiffs are not the real parties in interest, but rather, the indispensible parties are the two Colombian businesses were not before the Florida circuit court. 5. The final judgment entered went beyond the issues framed in the pleadings, thereby denying him various constitutional and treaty rights. 6. The circuit court findings are clearly erroneous and not supported by substantial competent evidence. 7. The final judgment violates Article VIII, § 2(b) of the Bretton Woods Agreement relating to foreign exchange controls.
In reply, the appellees contend: 1. The court was justified in striking defendant's answer and proceeding to enter judgment against him for refusal to make court ordered discovery, et cetera. 2. The "law of the case" prevents the defendant from arguing about the failure to join the Colombian businesses as parties and about application of Colombian law. 3. Final judgment entered did not go beyond the issues framed in the pleadings. 4. Final judgment was supported by substantial competent evidence. 5. The Bretton Woods Agreement is irrelevant to this proceeding.
To begin with, we find no merit in defendant's arguments that he was denied due process. The record refutes his statements in the brief that he had only one-half day's notice that a default would be entered against him. Suffice it to say that beginning with a November 16, 1971 hearing, defendant was fully advised by the trial court of the likelihood that his pleadings would be stricken and a final judgment entered against him. Not only did defendant fail to purge himself of his various violations of court orders, but he made no other attempts to delay the entry of certain orders on December 7 and 8, 1971.
We therefore express the view that the circuit court was authorized to enter the final judgment under Rule 1.380(b)(2), Florida Rules of Civil Procedure, 30 F.S.A. See generally: White v. Spears, Fla. App. 1960, 123 So.2d 689, 692 and Kay v. Swimmer, Fla.App. 1963, 151 So.2d 353, 354.
*745 Nationally, the two leading cases in this area are Hammond Packing Co. v. Arkansas (1909), 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530, 15 Ann.Cas. 645 and Hovey v. Elliott (1897), 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215. These cases are discussed in: Societe Internationale Pour Participations Industrielles, et Commerciales, S.A. v. Rogers (1958), 357 U.S. 195, 209 et seq., 78 S.Ct. 1087, 2 L.Ed.2d 1255; 2A Barron & Holtzoff, Federal Practice and Procedure §§ 851-853, pp. 526 et seq. (1961), and 4 Moore, Federal Practice ¶ 37.03[2.-4], pp. 37-61 et seq. (1927 ed.). We have fully examined these authorities and have concluded that the rule in Hammond Packing Company governs the instant case.
Moreover, it is at least arguable that this court could dismiss defendant's appeal because of the outstanding and unpurged contempt of court orders and other misconduct in the trial court, see: Morris v. Rabara, Fla.App. 1962, 145 So.2d 265 and Conde v. Full House, Inc., Fla.App. 1968, 206 So.2d 22.
We express the view, based on the foregoing authorities, that the failure to afford defendant a more complete opportunity to contest damages (than was furnished when defense counsel attended and participated in the deposition of Richard Welden, Esq. as to damages) was harmless error. If we were to reverse the judgment appealed, we would visit the defendant's sins upon the plaintiffs, who have presented at least a prima facie case as to damages. We cannot ignore that the defendant has possession or control of the key evidence in this case, and that he refused to comply with various discovery orders.
We begin our examination of defendant's contention that the trial in refusing to apply, or allow him to prove, Colombian law resulted in a deprivation of due process and treaty rights with a consideration of the sanctions imposed under Rule 1.380(b)(2), for failure to comply with certain court orders. Rule 1.380(b)(2) provides:
"(2) Other Consequences. If any party or an officer or managing agent of a party refuses to obey an order made under subdivision (a) of this rule requiring him to answer designated questions or an order made under Rule 1.350 to produce any document or other thing for inspection, copying or photographing or to permit it to be done or to permit entry upon land or other property or an order made under Rule 1.360 requiring him to submit to a physical or mental examination, the court may make such orders in regard to the refusal as are just, and among others the following:
"(i) An order that the matters regarding which the questions were asked or the character or description of the thing or land or the contents of the paper or the physical or mental condition of the party or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
"(ii) An order denying the disobedient party the privilege of supporting or opposing designated claims or defenses or prohibiting him from introducing in evidence designated documents or things or items of testimony or from introducing evidence of physical or mental condition;
"(iii) An order striking out pleadings or parts thereof or staying further proceedings until the order is obeyed or dismissing the action or proceedings or any part thereof or rendering a judgment by default against the disobedient party;
"(iv) An order in lieu of any of the foregoing orders or in addition thereto directing the arrest of any party or agent of a party for disobeying any of such orders except an order to submit to a physical or mental examination."
Under Rule 1.380(b)(2), the court was authorized in preventing the defendant *746 from introducing evidence as to Colombian law. This does not violate due process or the treaty rights asserted under the rule of the Hammond Packing Company case, supra.
The conflicts rule of Florida is that in tort the lex loci delecto governs the action. See: Astor Electric Service, Inc. v. Cabrera, Fla. 1952, 62 So.2d 759 (en banc). The complaint alleges various tortious activities by the defendant, the most significant of which appears to be the conversion of certain funds in a New York bank account. Under the averments of the complaint a stronger case is made out that New York, rather than Colombian law applies.
Assuming arguendo, that the events involved herein occurred in Colombia, so that it was the lex loci delecto, it would be proper to take judicial notice that Colombia is not a common law, but rather a civil law jurisdiction. Therefore, it would be difficult to suppose the principles of the common law were to prevail. However, this does not conclude the inquiry, where plaintiff failed (we shall assume arguendo) to prove the applicable law of Colombia. Leary v. Gledhill, 8 N.J. 260, 84 A.2d 725.
These presumptions have been indulged in by the courts: first, that law of Colombia is the law of the forum; second, that the law of Colombia, like all civilized countries, recognizes certain fundamental principles, such as the unlawful taking of One Million, Five Hundred Thousand Dollars (U.S.) in bank accounts belonging to family members or a family business enterprise is a basis for relief of the injured parties; and third, that the parties in failing to prove the law of Colombia [because of sanctions under Rule 1.380(b)(2), or otherwise] have acquiesced in having their dispute determined by the law of the forum. Leary v. Gledhill, supra.
Furthermore, for over three years the circuit court has had before it certain statutory and judicial law of Columbia, including law with respect to an accounting. These matters, which are in the record before us, are consistent in large part with the law of Florida. Therefore, this issue may be resolved by resort to the doctrine of the law of the case. If after all this time, defendant decides that he should have submitted other or additional proof of Colombian law, defendant cannot now claim that through his own failure, he has been deprived of due process and treaty rights.
Next, we agree with the plaintiffs that the doctrine of the law of the case bars defendant from now contesting whether the Colombian business enterprises were the real parties in interest and indispensable parties. The first appeal, Ganem v. Ganem de Issa, Fla.App. 1969, 225 So.2d 564 fully litigated those issues, and both the trial court and this court resolved them adverse to defendant.
We further agree with plaintiffs that the final judgment appealed was supported by substantial competent evidence.
We do not need to determine the issue relating to the Bretton Woods Agreement.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.
BARKDULL, Chief Judge (dissenting).
I respectfully dissent and would reverse. I believe it was incumbent on the plaintiff in the trial court to establish the foreign law under which the cause of action arose.
NOTES
[1] "The defendant, ELIAS GANEM, having been ordered to deposit... [with] this Court ... $350,000.00 or file security in such amount and the defendant having failed to do so and now being in contempt ... and this court having ordered his arrest; and

"The plaintiffs having been granted summary judgment ... in which the defendant was directed to account to plaintiffs for ... transactions ... [and] his administration to Ganem and Cia (Ganem & Co.) and Fabrica de Manteca y Aceites Vegetales `La India Ltd.' (La India Ltd.), the defendant having failed to account and now being in contempt ... for such failure and this court having ordered his arrest for a second time, and
"The answer ... having been stricken for his failure to comply with orders of this court and purge himself of his contempt of this court, and the plaintiffs having established to the satisfaction of this court the minimum amount of their damages by reason of the acts complained of in the complaint, it is hereby
"ORDERED, ADJUDGED AND DECREED that judgment ... is hereby entered in favor of the plaintiff, OLGA ANDRAUS VDA. de GANEM and against the defendant, ELIAS GANEM, individually, in the sum of ONE HUNDRED FIFTY-FOUR THOUSAND ONE HUNDRED SEVENTY-TWO DOLLARS and 80/100ths ($154,172.80) (U.S. Dollars) together with interest at the legal rate thereon from November 30, 1971, and it is further
"ORDERED, ADJUDGED AND DECREED that judgment ... is hereby entered in favor of the plaintiff, HERLINDA GANEM de ISSA, and against the defendant, ELIAS GANEM, individually, in the sum of ONE HUNDRED THIRTY-SIX THOUSAND TWENTY-EIGHT DOLLARS and 88/100ths ($136,028.88) (U.S. Dollars) together with interest at the legal rate thereon from November 30, 1971; and it is further "ORDERED, ADJUDGED AND DECREED that judgment ... is hereby entered in favor of the plaintiff, VICTORIA GANEM de JACIR, and against the defendant, ELIAS GANEM, individually in the sum of ONE HUNDRED THIRTY SIX THOUSAND TWENTY-EIGHT DOLLARS and 89/100ths ($136,028.89) (U.S. Dollars) with interest at the legal rate thereon from November 30, 1971; and it is further
"ORDERED, ADJUDGED AND DECREED that judgment ... is hereby entered in favor of the plaintiff, SUSANA GANEM de VIVEROS, and against the defendant, ELIAS GANEM, individually in the sum of ONE HUNDRED THIRTY-SIX THOUSAND AND TWENTY-EIGHT DOLLARS and 89/100th ($136,028.89) (U.S. Dollars) with interest at the legal rate thereon from November 30, 1971, and it is further
"ORDERED, ADJUDGED AND DECREED that the defendant, ELIAS GANEM, individually, and in any capacity he may have as Manager of Ganem & Co. and La India Ltd. shall within ten (10) days from the date of this Judgment deposit ... [with] this Court ... SEVEN HUNDRED FORTY-FIVE THOUSAND THREE HUNDRED TWENTY-FOUR DOLLARS AND 70/100ths ($745,324.70) to be divided among the parties upon further Order ..., together with interest thereon at the rate of 6% per annum from November 30, 1971, said sum being the indebtedness of ELIAS GANEM to La India, Ltd. which said defendant, ELIAS GANEM, has incurred by reason of his unauthorized conversion of said funds to his own use, and it is further "ORDERED, ADJUDGED AND DECREED that the defendant, ELIAS GANEM, shall within ten (10) days from the date of this judgment deposit ... [with] this Court FIVE HUNDRED THOUSAND DOLLARS and NO/100ths ($500,000.00) (U.S. Dollars) to be divided among the parties upon further order of the court or file with the Clerk of this Court a bond ... of FIVE HUNDRED THOUSAND DOLLARS and NO/100ths ($500,000.00) payable to plaintiffs with good and sufficient surety thereon to be approved by the Clerk of this Court sufficient to pay all costs or damages incurred or sustained by plaintiffs as a result of the defendant, ELIAS GANEM, having executed on behalf of Ganem & Co. or La India Ltd. five (5) promissory notes dated March 22, 1968 in the sum of $50,000.00; March 22, 1968 in the sum of $100,000.00; October 16, 1969 in the sum of $50,000.00; October 16, 1969 in the sum of $100,000.00 and October 16, 1969 in the sum of $200,000.00 payable to Trans American Development Corporation, Ltd., and it is further
"ORDERED, ADJUDGED AND DECREED that the transfer of eighty (80) shares of La India Ltd. which the defendant, ELIAS GANEM, as Manager of Ganem & Co. made to himself individually on August 22, 1962 for 1,000 Colombian pesos per share is hereby held to be void and of no effect; and it is further
"ORDERED, ADJUDGED AND DECREED that the transfer of sixty (60) shares of La India Ltd. which the defendant, ELIAS GANEM, as Manager of Ganem & Co. made to himself individually on January 16, 1963 is hereby held to be void and of no effect; and it is further
"ORDERED, ADJUDGED AND DECREED that the orders of contempt against the defendant, ELIAS GANEM, entered by this court on the 4th day of March, 1970 and the 25th day of August, 1970 and the sanctions related thereto and contained therein shall remain in full force and effect until the defendant, ELIAS GANEM, purges himself in the manner provided in said orders, or complies with the provisions of this Final Judgment; and it is further
"ORDERED, ADJUDGED AND DECREED that of the FIVE HUNDRED SIXTY-TWO THOUSAND TWO HUNDRED FIFTY-NINE DOLLARS 46/100ths ($562,259.46) previously awarded to plaintiffs individually by virtue of this judgment, the sum of TEN THOUSAND NINE HUNDRED SIX DOLLARS and 29/100ths ($10,906.29) represents interest on the principal awarded in favor of the plaintiffs and against the defendant herein for the period during which the defendant stayed this proceeding for his first appeal to the Third District Court of Appeal of Florida from the 9th day of May, 1969 until the 4th day of September, 1969. Upon the payment of TEN THOUSAND NINE HUNDRED SIX DOLLARS and 29/100ths ($10,906.29) to the plaintiffs, the supersedeas bond filed in this cause on the 9th day of May, 1969 by the defendant and his surety shall be cancelled and the principal and surety thereon discharged; and it is further
"ORDERED, ADJUDGED AND DECREED that any person, [or] firm, ... including but not limited to The Royal Bank of Canada ... now holding or since January 1, 1960 having held any property or funds in the name of or belonging to ELIAS GANEM, GANEM & CO.... or La India Ltd... . is ordered to:
"a). Deposit with the Clerk of this Court subject to the further order of the Court so much of such property or funds as they may now hold as may be necessary to satisfy the obligations of ELIAS GANEM contained in this Final Judgment; and
"b.) Exhibit to plaintiffs or their attorneys for the purpose of copying all ... documentation pertaining to ... transfer of funds pertaining to any such property or funds which are in their or its custody or control; and it is further
"ORDERED, ADJUDGED AND DECREED that the defendant, ELIAS GANEM, is forthwith enjoined until further Order ... from borrowing any money in the name of LA INDIA, or GANEM & CO. or using the credit of either firm in any way, ... and it is further
"ORDERED, ADJUDGED AND DECREED that this Court retains ... jurisdiction of the parties and matters in issue herein to enter further orders consistent with this judgment ... and it is further
"* * *
"ORDERED, ADJUDGED AND DECREED that this Final Judgment does not in any way affect the right and title of the parties to any real property or other property of Ganem & Co. or La India, Ltd. which is not the specific subject matter of this Final Judgment, and it is further
"ORDERED, ADJUDGED AND DECREED that costs against the defendant, ELIAS GANEM, shall be taxed upon further motion ... and it is further
"* * *
"DONE AND ORDERED at Miami, Florida this 7 day of December, 1971."
[2] Ganem v. Ganem de Issa, Fla.App. 1969, 225 So.2d 564 (interlocutory appeal from order denying a motion to dismiss complaint on the grounds of the doctrine of forum non conveniens and the doctrine of non interference in the affairs of a foreign business entity); Ganem v. Ganem de Issa, Fla.App. 1969, 227 So.2d 366 (defendant's voluntary dismissal of interlocutory appeal from an order denying a motion to abate on the grounds of prior action pending); Ganem v. Ganem de Issa, Fla.App. 1970, 236 So.2d 153 (consolidated interlocutory appeals from an order requiring defendant to deposit into the registry of the court $350,000.00 or file a surety bond in that amount and an order finding him in contempt for failure to do so); Ganem v. Ganem de Issa, Fla.App. 1970, 239 So.2d 888 (interlocutory appeal from an order granting plaintiffs' right to an accounting); Ganem v. Ganem de Issa, Fla.App. 1971, 245 So.2d 142 (interlocutory appeal from a second order of contempt for failure of defendant to account to plaintiffs).