PER CURIAM.
The point on appeal is correctly stated:
Whether the trial court erred in dismissing Petitioner’s Petition for Modification with prejudice on the basis of forum non conveniens where the decree sought to be modified is a Florida divorce decree and the cause of action did not arise in a jurisdiction outside the State of Florida.
The additional necessary facts are these: a dissolution of marriage incorporating a property settlement and child custody agreement was entered in the Fifteenth Judicial Circuit. The trial court specifically reserved jurisdiction of the cause for the purpose of enforcing the agreement, a condition that still obtains. The former wife and husband then became residents of foreign states. The wife now petitions for modification of the child custody provision of the dissolution judgment in the Fifteenth Judicial Circuit of Florida. The trial court found:
“C. The cause would be more appropriately heard in another forum as the parties reside out of state, as unnecessary financial expense would be incurred by both parties bringing witnesses to Florida, and because the material issues presented by the Petitioner are those more conveniently and appropriately heard by a forum in which either party resides.”
and thereupon dismissed the former wife’s petition to modify with prejudice. She appeals. We reverse.
Under these facts the short question is whether or not the trial court was authorized to invoke the forum non conveniens doctrine so as to decline to exercise jurisdiction and dismiss.
We would hazard that it is most likely that it would be indeed more convenient and expedient if this matter were adjudicated in either of the parties’ home states, namely: Georgia or Ohio. But convenience alone is not the dispositive criteria. It is also necessary under the case law of this state that the cause of action in question arose in a jurisdiction outside of Florida. In Adams v. Seaboard Coastline R. R. Co., 224 So.2d 797 (1st D.C.A.Fla.1969), it was stated:
“In the ultimate, however, it is seen that the application of the doctrine of forum non conveniens is restricted to the limited category of cases in which both parties to the action are non residents, and the cause of action sued upon arose in a jurisdiction outside of Florida. It is only after these two factors emerge and coalesce that the trial court is authorized to proceed to a determination of whether the criteria necessary to bring into play the doctrine of forum non conveniens have been met.” Id. at 801.
see also, Ganem v. Issa, 225 So.2d 564 (3d D.C.A.Fla.1969).
*88 These two factors have not occurred, for, in fact, the cause of action arose in Florida, (the initial dissolution proceedings), and the Circuit Court retains jurisdiction; 10A Fla.Jur. Dissolution of Marriage § 343 (1973). See, Haley v. Edwards, 233 So.2d 647 (4th D.C.A.Fla.1970), concerning the exclusive nature of the trial court’s jurisdiction in post dissolution custody modification actions.
By way of limitation we wish it expressly understood that we in nowise pass upon the merits of the ex-wife’s petition and neither do we express any opinion as to the effect, if any, of the intervening judgments of the Georgia courts.
Reversed and remanded for proceedings consistent herewith.
Reversed and remanded.
WALDEN and DOWNEY, JJ., and SILVERTOOTH, LYNN N., Associate Judge, concur.