347 So.2d 1041 (1977)
George Robert HOUSTON, Appellant,
v.
James R. CALDWELL, etc., et al., Appellees.
No. 76-260.
District Court of Appeal of Florida, Fourth District.
February 18, 1977.
Rehearing Denied May 6, 1977.
*1042 Lewis S. Eidson, Jr. of Colson & Hicks, P.A., and Susan Goldman, Miami, for appellant.
*1043 Marjorie D. Gadarian of Jones, Paine & Foster, P.A., West Palm Beach, for appellees.
MAGER, Chief Judge.
This is an appeal by George Robert Houston, plaintiff below, from a final order granting the motion to dismiss of James R. Caldwell and Aetna Insurance Company, defendants below, such dismissal being based upon the doctrine of forum non conveniens.
In the proceedings below plaintiff filed an action in tort in Palm Beach County, Florida against defendants based upon an automobile accident occurring in North Carolina. In his complaint plaintiff alleges that he is a resident of Highlands, North Carolina and the defendant, James R. Caldwell, is a resident of Palm Beach County, Florida. Defendants filed a "Motion to Dismiss and/or Abate" contending that "North Carolina is the place where the cause of action accrued and where the Plaintiff and witnesses to this incident are located. It will place undue hardship and injustice for these Defendants to defend this suit in Palm Beach County, Florida".
An affidavit filed by defendant Caldwell and depositions taken before the court reflect that the plaintiff resides in North Carolina; the accident giving rise to the suit occurred in North Carolina; defendant resides in North Carolina six months out of the year; and all witnesses to the accident reside in North Carolina. The pleadings, affidavits and depositions further indicate that defendant Caldwell had established Florida as his residence, as reflected by: purchase of a condominium in Palm Beach County and the sale of a former residence in Wooster, Ohio; retirement from active business and intention to permanently reside in Florida; purchase of a summer residence in North Carolina; Florida voter registration; listing of Boca Raton, Florida as residence on personal federal income tax return; obtaining of Florida driver's license and registration of automobile in Florida. It clearly appears, therefore, that defendant Caldwell is, as plaintiff alleged in his complaint, a resident of Palm Beach County, Florida.
Based primarily upon such factors as the place where the cause of action arose, the location of the witnesses and the summer residence of the defendant in North Carolina, the trial court dismissed plaintiff's complaint without prejudice to re-file the suit in a more appropriate forum, presumably in Highlands, North Carolina. The plaintiff contends that the court's order predicated upon the doctrine of forum non conveniens is erroneous because the doctrine is inapplicable where a defendant is a resident of the forum state (Florida) and furthermore, that defendants failed to prove the availability of an alternative forum.
The doctrine of forum non conveniens which is grounded upon equitable considerations is based upon the concept that the court has the inherent power to decline jurisdiction over a cause even though jurisdiction does exist where, in the interest of justice and the convenience of the litigants, such cause should have been instituted in another forum. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Adams v. Seaboard Coast Line Railroad Company, 224 So.2d 797 (Fla.1st DCA 1969). The application of the doctrine rests within the sound judicial discretion of the court tempered by the time-honored concept of "the interest of justice". Gulf Oil Corporation v. Gilbert, supra; see also Southern Railway Company v. Bowling, 129 So.2d 433 (Fla.3d DCA 1961).[1]
Although there are no exact criteria by which the doctrine can be measured, it clearly appears that there are two essential elements that must be present in order for *1044 the doctrine to be invoked: (1) the cause of action sued upon arose in a jurisdiction outside the forum state and (2) that there is another jurisdiction (outside of the forum) in which the defendant is amenable to process. But see Adams v. Seaboard Coast Line Railroad Company, supra. When these elements are present the court will undertake to evaluate a myriad of factors, the combination and weight of which, will ultimately determine the appropriateness of the doctrine. The Supreme Court of the United States in Gulf Oil Corporation v. Gilbert, supra, discusses some of the factors to be considered:
"... An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, `vex,' `harass,' or `oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." (Emphasis added.) (330 U.S. 508-9, 67 S.Ct. at 843).
Much of the evolving case law has centered around the federal forum non conveniens statute, 28 U.S.C. § 1404(a), which permits interstate as well as intrastate transfers of any civil action "for the convenience of parties and witnesses, in the interest of justice". Florida, which enacted an intrastate venue statute, section 47.122, Florida Statutes, has by decisional law recognized interstate application of the doctrine. In Hagen v. Viney, 124 Fla. 747, 169 So. 391 (1936), the Supreme Court of Florida applied the doctrine of forum non conveniens when it concluded that:
"It is settled law that courts of one state are not required to assume jurisdiction of causes between nonresidents arising in other jurisdictions, though by the rule of comity rather than that of strict right they generally do so. After all is said, the question of jurisdiction in transitory actions between nonresidents is one of discretion on the part of the court assuming it, and no rule has yet been promulgated to guide that discretion... ." (at 392-3).
Later Florida appellate decisions have given the Hagen decision a more restrictive reading by seemingly adding another element to the criteria heretofore discussed, i.e., residence of the parties. In Adams v. Seaboard, supra, the First District observed:
"... In the ultimate, however, it is seen that the application of the doctrine of forum non conveniens is restricted to the limited category of cases in which both parties to the action are nonresidents, and the cause of action sued upon arose in a jurisdiction outside of Florida. It is only after these two factors emerge and coalesce that the trial court is authorized *1045 to proceed to a determination of whether the criteria necessary to bring into play the doctrine of forum non conveniens have been met... ." (Emphasis added.) (224 So.2d at 801.)
See also Ganem v. de Issa, 225 So.2d 564 (Fla.3d DCA 1969); Southern Railway Company v. McCubbins, 196 So.2d 512 (Fla.3d DCA 1967); Atlantic Coast Line Railroad Company v. Ganey, 125 So.2d 576 (Fla.3d DCA 1960); Killingsworth v. Montgomery Ward & Company, 327 So.2d 50 (Fla.2d DCA 1976); cf. Morgan v. Ande, 313 So.2d 86 (Fla.4th DCA 1975).
Our reading of Hagen and our understanding of the doctrine as discussed in Gulf Oil Corporation v. Gilbert leads us to believe that residency of the parties is not an essential prerequisite to application of the doctrine. While the doctrine is one that should be carefully and cautiously applied since by its very application it deprives the plaintiff of choosing the forum in which the suit is filed, Greyhound Corporation v. Rosart, 124 So.2d 708 (Fla.3d DCA 1960); Atlantic Coast Line Railroad Company v. Ganey, supra, its flexibility should not be compartmentalized to the point where considerations of justice, fairness and convenience become subservient. The Adams rule would limit the doctrine to the category of cases in which both parties to the action are nonresidents (and the cause of action sued upon arose in a jurisdiction outside of Florida). If we were to follow Adams then the doctrine would not be applicable in the instant case because, although the cause of action arose in North Carolina both parties are not nonresidents; only the plaintiff is a nonresident. The other factors discussed in Gulf Oil Corporation could not even be considered because the "non-residency" requirement was not satisfied. Stated differently, unless both parties are nonresidents the doctrine is inapplicable.
Respectfully, we cannot ascribe to any ritualistic application of the doctrine of forum non conveniens where to do so would overlook considerations of justice, fairness and convenience. See Masington, "Venue in the Federal Courts  The Problem of the Inconvenient Forum", 15 U.Miami L.Rev. 237 (1961). We would prefer an application where, for example, residency is treated as one of the factors to be considered together with a combination of other factors. The residence of one of the parties may well justify a non-application of the doctrine when such residence is considered together with other factors; likewise, the residency of one of the parties in the forum state may be outweighed by other relevant and pertinent factors justifying application of the doctrine.
The recent decision of the Court of Appeals of New York presents what we believe to be a more sensible application of the doctrine. In Silver v. Great American Insurance Company, 29 N.Y.2d 356, 328 N.Y.S.2d 398, 278 N.E.2d 619 (1972), speaking through Chief Judge Fuld, the New York court observed:
"... The question whether the principle of forum non conveniens should or should not be applied in such a case `is one', we declared in Varkonyi v. Varig, 22 N.Y.2d 333, 337, 292 N.Y.S.2d 670, 673, 239 N.E.2d 542, 544, supra, `which is in general committed to the discretion of the courts below, to be exercised by reviewing and evaluating all the pertinent competing considerations.

"Further thought persuades us that our current rule  which prohibits the doctrine of forum non conveniens from being invoked if one of the parties is a New York resident  should be relaxed. Its application should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties. Although such residence is, of course, an important factor to be considered, forum non conveniens relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties. The great advantage of the doctrine  its flexibility based on the facts and circumstances of a particular case  is severely, if not completely, undercut when our courts are prevented from applying it solely because one of the parties is a New York resident *1046 or corporation." (Emphasis added.) (328 N.Y.S.2d 402-403, 278 N.E.2d 621-622).
As Judge Fuld further observed, at p. 404, 278 N.E.2d at p. 623:
"... [S]tare decisis does not compel us to follow blindly a court-created rule  particularly one, as here, relating to a procedural matter  once we are persuaded that reason and a right sense of justice recommend its change."[2] (emphasis added.)
The threshold essentials for the applicability of the doctrine of forum non conveniens are: that the cause of action arose outside the jurisdiction of the forum state and that there are at least two forums in which defendant is amenable to process. Greyhound Corporation v. Rosart, supra. The absence of one of these two elements would preclude the application of the doctrine. Only when these two essentials are plead and proven would the court proceed further to examine and evaluate the myriad of factors discussed in Gulf Oil Corporation v. Gilbert, supra, basing its ultimate determination on "considerations of justice, fairness and convenience" (and not solely on the residence of one of the parties).
In the instant situation the trial court dismissed the action notwithstanding that defendant was not a nonresident. Seemingly this might suggest that the lower court's ultimate disposition is consistent with this opinion (albeit for different reasons, Hampton Utilities Co. v. Hampton Homeowners Ass'n, 252 So.2d 286 (Fla.4th DCA 1971)) and should be affirmed. However, it is necessary to point out that the record below does not reflect the presence of sufficient pleadings and proof to support one of the essential threshold requirements, i.e., that defendant is amenable to process in another forum. See Gulf Oil Corporation v. Gilbert, supra, and Greyhound Corporation v. Rosart, supra.
The burden is on the moving party to establish the existence and availability of another forum. See Ganem v. de Issa, supra. While the moving party need not negate the applicability of every possible affirmative defense, such as the statute of limitations (see Rule 1.110(d), Fla.R.Civ.P.), the moving party must affirmatively demonstrate the amenability to process in the other forum. An allegation of the moving party's amenability to process in another forum, when supported by sufficient facts set forth in a pleading, affidavit or deposition, constitutes an adequate prima facie showing of amenability to process. The moving party's initial burden can also be satisfied by an asserted willingness or consent to accept service of process in such other forum. A bare unsupported conclusory allegation in a motion or pleading is not sufficient.
Once the moving party (the defendant herein) has properly plead the existence of the essential threshold requirement, i.e., amenability to process, the burden then shifts to the other party (the plaintiff herein) to show that such essential requirement has not been met, i.e., defendant would not be amenable to process in the other state. The duty then evolves upon the court as the trier of fact to determine whether the moving party has by a preponderance of the evidence satisfied the essential threshold requirement(s). When this has been accomplished the court can then proceed to examine and evaluate those pertinent factors advanced by the parties (see Gulf Oil Corporation v. Gilbert, supra) for and against the application of the doctrine. As with the threshold requirements, the burden is on the moving party to show by a preponderance of the evidence that considerations of justice, fairness and convenience require the application of the doctrine of forum non conveniens.
In the instant situation our examination of the record leads us to conclude that defendants carried their burden in all respects except with regard to defendants' *1047 amenability to service of process in Highlands, North Carolina. Nowhere in the record can we find any pleadings and proof bearing upon defendants' amenability to service of process in the other forum.
Accordingly, the motion to dismiss must be vacated and set aside and the cause remanded to the trial court for such other proceedings as may be consistent herewith. Nothing herein is intended to preclude the trial court from conducting further proceedings on the issue of defendants' amenability to service of process in Highlands, North Carolina, including, but not limited to, appropriate pleadings and proof thereon.
REVERSED AND REMANDED, with directions.
ALDERMAN, J., and STETTIN, HERBERT, Associate Judge, concur.

ON PETITION FOR REHEARING
PER CURIAM.
Rehearing denied.
MAGER, C.J., and ALDERMAN, J., concur.
STETTIN, HERBERT, Associate Judge, dissents, with opinion.
STETTIN, HERBERT, Associate Judge, dissenting:
The appellant has filed a petition for rehearing directed to that portion of the opinion holding the doctrine of forum non conveniens applicable, even where one of the litigants is a resident of Florida. Upon reviewing the cases cited I agree with the appellant and would reverse and remand to the trial court for further proceedings.
The decisions in this state are unanimous in requiring a concurrence of nonresident parties and a cause of action which arose out of state before forum non conveniens may be invoked to obtain dismissal of the action; Hagen v. Viney, 124 Fla. 747, 169 So. 391 (1936); Atlantic Coast Line Railroad Company v. Ganey, 125 So.2d 576 (Fla.3d DCA 1960); Southern Railway Company v. McCubbins, 196 So.2d 512 (Fla.3d DCA 1967); Adams v. Seaboard Coast Line Railroad Company, 224 So.2d 797 (Fla.1st DCA 1969); Ganem v. deIssa, 225 So.2d 564 (Fla.3d DCA 1969); Shaw v. Seaboard Coast Line Railroad Co., 229 So.2d 275 (Fla.1st DCA 1969); Killingsworth v. Montgomery Ward & Co., 327 So.2d 50 (Fla.2d DCA 1976).
In Hagen v. Viney, supra, Justice Terrell specifically noted both of the parties were nonresidents. The progeny of this case have consistently accepted this requirement. Indeed, this Court did so in Morgan v. Ande, 313 So.2d 86 (Fla.4th DCA 1975), citing Adams v. Seaboard Coast Line Railroad Company, supra, with complete approval. See also Flota Mercante Gran Centroamericana v. Stena Shipping AB, 294 So.2d 98 (Fla.3d DCA 1974), and British-American Insurance Co., Ltd. v. Cladakis, 321 So.2d 448 (Fla.3d DCA 1975).
NOTES
[1] "In the exercise of such discretion, the trial court may consider whether the filing of the action constitutes forum shopping on the part of plaintiff; whether it constitutes undue harassment of the defendant by requiring him to litigate the action in a forum remote from where it accrued or where the defendant resides or maintains a place of business; and, whether the convenience of the parties and witnesses, in the interest of justice, requires the action to be litigated in a different forum... ." Adams v. Seaboard Coast Line Railroad Company, 224 So.2d 797, 800-801. See additional discussion, infra.
[2] It might be well to point out that we are not confronted with a Supreme Court precedent with which this decision conflicts. Cf. Jones v. Hoffman, 272 So.2d 529 (Fla. 4th DCA 1973), and Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). On the contrary, we perceive our decision to be compatible with Hagen v. Viney, supra, and consistent with justice and logic. See also Meily v. Agricultural Investment Corporation, S.A., 276 So.2d 161 (Fla. 1973).