358 So.2d 228 (1978)
ROYAL GLOBE INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Dr. Fred GEHL, Appellee.
Nos. 77-2008 and 77-2316.
District Court of Appeal of Florida, Third District.
April 25, 1978.
Rehearing Denied May 24, 1978.
*229 Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellant.
Louis Winter, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON, J., and CRAWFORD, GRADY L. (Ret.), Associate Judge.
PER CURIAM.
These consolidated interlocutory appeals are from orders of the trial court denying appellant's motion to dismiss based on lack of subject matter jurisdiction, and denying appellant's motion for change of venue based on forum non conveniens.
The case arises out of property damage sustained by the plaintiff/appellee on August 6, 1974, following a fire in his chiropractic office in St. Louis County, Missouri. In 1976 the appellee filed suit in the United States District Court for the Eastern District of Missouri, against the appellant, claiming damages for his fire loss under the policy. The policy was issued in Missouri to appellee, who then lived and worked there. The property loss occurred in Missouri and was first denied there, and all witnesses live in Missouri. The appellee later voluntarily dismissed the suit without prejudice.
Subsequently, a lawsuit, entitled Commerce Bank of University City vs. Planned Programs, Inc., LBM, Inc., Fred Gehl, Jr., and Royal Globe Insurance Company, was filed in the St. Louis County Circuit Court, based on the same fire loss. In that action, the Commerce Bank is claiming a portion of the proceeds of the same policy sued on here. Both appellant and appellee are parties to the suit, and Royal Globe has filed in that case a cross-claim and a counter-claim, together with a petition for declaratory judgment, requesting the Missouri court to declare rights and liabilities of Commerce Bank and Fred Gehl, Jr., with respect to the proceeds payable to Fred Gehl, Jr., under the insurance policy involved. This lawsuit is still pending in Missouri.
On April 8, 1977, the appellee filed this suit in Dade County, Florida, against the appellant for the same fire loss, appellee having moved his residence to Florida.
It is the well established law of Florida that where two courts have concurrent jurisdiction of a cause of action, the first court to exercise jurisdiction has the exclusive right to hear all issues or questions arising in the case. Hogan v. Millican, 209 So.2d 716 (Fla. 1st DCA 1968); Taylor v. Cooper, 60 So.2d 534 (Fla. 1952); Hunt v. Ganaway, 180 So.2d 495 (Fla. 1st DCA 1965); Blake v. Blake, 172 So.2d 9 (Fla. 3d DCA 1965). This is true even though the second suit might have been brought originally in another court with concurrent jurisdiction.
The appellee's present suit in Florida duplicates an action pending in Missouri, and there is no jurisdiction over the subject matter to place the case properly before a Florida court. The motion to dismiss should have been granted by the trial judge.
*230 The case of Houston v. Caldwell, 347 So.2d 1041 (Fla. 4th DCA 1977) holds that the doctrine of forum non conveniens is applicable whenever the cause of action arose outside the jurisdiction of the forum state and there are at least two forums where the defendant is amenable to process. These two essential elements are met in the present case because the cause of action arose in Missouri and the defendant is amenable to process there. The Court in the Houston case goes on to state that once the threshold requirements are met, application of the doctrine of forum non conveniens turns on considerations such as justice, fairness, and ease of access to sources of proof. There is no dispute that the present case concerns a loss occurring in Missouri among Missouri residents and that it is presently the subject of a lawsuit in Missouri where all the witnesses are located.
The recent decision of New Plan Realty Trust v. Towers Apartments, 350 So.2d 99 (Fla. 1st DCA 1977) held that the trial court there properly exercised its discretion in granting a stay in a Florida suit pending trial of the same issues in a New York suit. The court reasoned that the whole purpose of such a stay is to avoid duplication of proceedings in the two courts.
The facts are clear that the present cause of action arose in Missouri and is presently in litigation there. Both the doctrine of exclusive jurisdiction and the doctrine of forum non conveniens operate in this instance to bar pursuit of this action in the Florida courts.
Reversed and remanded for proceedings not inconsistent with the views herein expressed.