PER CURIAM.
We grant the petition for certiorari and quash the trial court’s order.
Petitioners assert that the trial court departed from the essential requirements of the law by granting the respondents’ motion to compel medical authorizations releasing petitioners’ medical records in Michigan as respondents failed to show the records could not be obtained by the use of discovery procedures provided by the Florida Rules of Civil Procedure. Petitioners point out that although respondents scheduled numerous depositions of the petitioners’ Michigan physicians, these depositions were voluntarily and unilaterally cancelled by respondents who thereby divested themselves of the opportunity to obtain the desired medical records through the proper discovery route; namely, pursuant to a subpoena for production of documents at the petitioners’ Michigan physicians’ depositions. Fla.R.Civ.P. 1.410(d).
Respondents concede in their response to petitioners’ petition for writ of certiorari that “the reasons for the cancellations [of the scheduled depositions duces tecum] are not evidenced.” They then argue that “the futility of going ahead with the depositions is obvious” since medical records cannot be obtained by subpoenas duces tecum under Michigan law which recognizes a physician-patient privilege.
Respondents’ argument in this regard is without merit as it is well settled that the law that controls in an action for a tort is that of the place where the tort was committed. Ganem v. Ganem de Issa, 269 So.2d 740 (Fla. 3d DCA 1972), cert. denied, 277 So.2d 284 (Fla.), cert. denied, 414 U.S. 1113, 94 S.Ct. 844, 38 L.Ed.2d 740 (1973); 10 Fla.Jur.2d Conflict of Laws § 43 (1979). The parties agree that the tort involved in the instant case was committed in Broward County, Florida. The substantive law and *197 procedural rules of Florida therefore control the action. Ganem.
HERSEY, C.J., GLICKSTEIN and DELL, JJ., concur.