584 So.2d 1128 (1991)
OLD HOLDINGS, LTD., LHO Trust, John Ohl, Tobin & Tobin, Eugene J. Chiarelli, and Robert Ohl, Petitioners,
v.
TAPLIN, HOWARD, SHAW & MILLER, P.A., Respondents.
No. 91-1632.
District Court of Appeal of Florida, Fourth District.
August 28, 1991.
Jeffrey M. Liggio of Liggio & Luckman, and Philip M. Burlington, of Edna L. Caruso, P.A., West Palm Beach, for petitioners.
Roger C. Lambert of Taplin, Howard & Shaw, West Palm Beach, for respondents.
PER CURIAM.
Petitioners seek certiorari review of the trial court's interlocutory order compelling production of certain attorney's billing statements claimed to be protected by the attorney client and work product privileges, and certain income tax returns claimed to be privileged under California law.
We grant certiorari, finding that under the peculiar facts and circumstances of this case, where the billing statements may include detailed descriptions of the nature of the services rendered and could therefore reveal the mental impressions and opinions of the attorneys to opposing counsel, the billing statements may be protected from discovery by both the attorney client *1129 privilege and the work product doctrine. Under these circumstances the petitioners are entitled to an in camera review of the documents by the trial court prior to disclosure. See Corry v. Meggs, 498 So.2d 508 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1042 (Fla. 1987); State v. Rabin, 495 So.2d 257 (Fla. 3d DCA 1986); Skorman v. Hovnanian of Florida, Inc., 382 So.2d 1376 (Fla. 4th DCA 1980); Sporck v. Peil, 759 F.2d 312 (3d Cir.) cert. denied, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985). Respondents' contention that the attorney client privilege was waived because it was not asserted until raised in a motion for rehearing is without merit. See Gross v. Security Trust Co., 462 So.2d 580 (Fla. 4th DCA 1985). We note that petitioners have agreed to provide "sanitized" copies of these materials to respondents. There is no reason why the trial court cannot order the immediate furnishing of these copies pending its resolution of the claim of privilege as to the original documents.
We agree that petitioners have failed to demonstrate that the trial court departed from the essential requirements of law in compelling production of the California income tax returns. Tax returns are discoverable in Florida, see Bystrom v. Whitman, 488 So.2d 520 (Fla. 1986), and Frank Medina Trading Co. v. Blanco, 553 So.2d 285 (Fla. 3d DCA 1989), and since pretrial discovery is a matter resting largely within the discretion of the trial court, we believe the existence of a privilege under California law is simply a factor the trial court should consider. See Strauss v. Sillin, 393 So.2d 1205 (Fla. 2d DCA 1981); 10 Fla.Jur.2d Conflict of Laws § 4, § 47, § 50 (1979). See also and compare Wilson v. Rodriquez, 547 So.2d 196 (Fla. 4th DCA 1989).
Accordingly, the trial court's May 8, 1991, order is quashed insofar as it compels production of copies of bills for services rendered and time records of Tobin & Tobin, Inc., for the LHO Trust, Robert Ohl, Brian Ohl, and Old Holdings, Inc. The order is approved, however, insofar as it compels production of the California income tax returns of the LHO Trust for the years 1989 and thereafter.
DOWNEY, ANSTEAD and POLEN, JJ., concur.