ALTENBERND, Judge.
The petitioners, David P. Ransburg and Thomas E. Ransburg, seek relief by common law certiorari from an order requiring them to produce their attorneys’ time slips and other documents relating to attorneys’ fees incurred during the initial stages of a pending will contest. We grant the petition.
Harold Ransburg was the petitioners’ father. On September 20, 1991, the petitioners filed an action to revoke probate of Mr. Ransburg’s will and also to void an inter vivos trust that he had created. The petition alleges that the primary beneficiaries of the will and trust are Maria Ransburg, a woman that Mr. Ransburg married when he was sixty-seven years old, and Jack Fu-lop, her son from a prior marriage.
The petitioners seek to revoke probate on grounds that the decedent lacked testamentary capacity or that the will was the product of undue influence. The petition requests attorney’s fees on the theory that the action will benefit the estate. See § 733.106, Fla.Stat. (1991).
On January 10, 1992, Maria Ransburg and Jack Fulop (the respondents) served a request for production which requested:
1. Any document which delineates or describes your obligation to pay attorneys’ fees, as alleged in paragraph 8 of the petition.
2. Any document which sets forth the amount of attorneys’ fees which you are obligated to pay.
3. Any document which sets forth amounts charged by your attorneys and/or paid by you.
4. All time sheets or any other documents setting forth services rendered by your attorneys.
The petitioners objected to this request for production on the basis of relevancy, work product, and attorney-client privilege. Following a hearing, the trial court entered an order requiring “sanitized” copies of the materials to be produced to the respondents, and complete copies to be produced to the court for in camera inspection. The trial court explained that the “sanitized” copies would “conceal only those matters within the documents which include detailed descriptions of the nature of the services rendered to the extent that they reveal the mental impressions and opinions of the attorneys.” The trial court based this ruling on the petitioners’ request for attorneys’ fees in the litigation and on Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A., 584 So.2d 1128 (Fla. 4th 1991).
We emphasize that this will contest is in its early stages. No order has been entered which would entitle the petitioners to receive an award of attorney’s fees. There is no suggestion that the parties have reached a tentative settlement and need this information to complete the settlement. If this discovery order is appropriate, then a similar order could be entered in the initial stages of any case in which a plaintiff or a defendant pleaded a request for attorney’s fees.
*51 In light of numerous statutes and standard contracts that provide for attorney’s fees in litigation, it is now quite common for one or both parties to plead a request for attorney’s fees. Recently, in Stockman v. Downs, 573 So.2d 835 (Fla.1991), the supreme court announced the general rule that a claim for attorney’s fees, whether based on statute or contract, must be pled. Thus, the respondents’ discovery tactic in this case, if authorized, could be used in numerous cases by adversaries who want to know such information as the extent of their opponent’s investigation, the identity of persons who have been interviewed, how much research has been performed, and which lawyers have been working on the case.
The “peculiar facts and circumstances” in Old Holdings that justified the production of “sanitized” attorney billing information are not revealed by that opinion. See 584 So.2d at 1128-1129. It is unclear whether the attorney’s billing statements related to the pending case or to some prior matter. Because the respondent in Old Holdings was a law firm, which was requesting these records from another law firm, we are inclined to believe that Old Holdings did not involve time slips for a pending lawsuit. In any event, the petitioner in that case agreed to provide “sanitized” copies of the requested information. Id. at 1129.
Although both the petitioners and the respondents have argued extensively whether this attorney’s fee information is protected by work product or attorney-client privilege, we decline to rule upon these issues at this time. See Eastern Air Lines, Inc. v. Gellert, 431 So.2d 329 (Fla. 3d DCA 1983). We limit our discussion to the issue of relevancy.
We conclude that a standard allegation requesting attorney’s fees in a civil action, as required by Stockman, does not immediately establish the relevancy of issues relating to the amount of awardable attorney’s fees, so long as those issues can be severed for subsequent resolution.[1] As Stockman states: “A motion for attorney’s fees requires consideration of factors distinct from the issues decided on the merits of the cause of action. Thus, it is not improper to adjudicate entitlement to attorney’s fees after resolution of the other claims.” 573 So.2d at 837.
A claim for attorney’s fees has some similarity to an action demanding an accounting. For many practical reasons, discovery in an action for an accounting is bifurcated. Discovery relating to the actual accounting is deferred until the court has settled the right to the accounting. Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla.1956); Stanton Inv. Co. v. Simon, 255 So.2d 557 (Fla. 2d DCA 1971). Likewise, we conclude that discovery concerning the amount of attorney’s fees should be deferred, under normal circumstances, until the trial court has determined entitlement.
We recognize that the issue of the amount of attorney’s fees may not always be appropriate for severance, especially in cases involving dissolution of marriage. It is also possible that an attorney’s time slips could be relevant to some other issue. Thus, we have intentionally limited our holding to “normal circumstances” in which the issue can be severed, with the expectation that a different rule may occasionally be necessary. This case, however, clearly involves a plea for attorney’s fees that can be severed for subsequent resolution.
The petition for writ of certiorari is granted. The order compelling this discovery is quashed without prejudice to subsequent discovery if and when it becomes appropriate.
DANAHY, A.C.J., and PARKER, J., concur.

. We recognize that the issue of entitlement to fees, as compared to the amount of fees, may occasionally justify earlier production of a contract or some other document necessary to prove entitlement.