732 So.2d 1177 (1999)
John A. HIRSCH and Ronald W. Zolla, Petitioners,
v.
Margaret DiGAETANO, M.D., etc., et al., Respondents.
No. 99-210.
District Court of Appeal of Florida, Fifth District.
April 23, 1999.
Rehearing Denied June 7, 1999.
Theodore R. Doran of Doran, Wolfe & Ansay, Daytona Beach, for Petitioners.
Jeffrey D. Keiner and Lori T. Milvain and G. Robertson Dilg of Gray, Harris & Robinson, P.A., Orlando, for Respondents.
GOSHORN, J.
Petitioners, John A. Hirsch and Ronald W. Zolla, seek certiorari review of an order denying their motion to stay a Florida action initiated by respondent, Margaret DiGaetano, M.D. Petitioners sought to stay the contract action filed by DiGaetano in Florida because a previous contract action between the same parties and involving the same claims was first filed in Massachusetts. We grant the petition and issue the writ.
It is the well-established law of Florida that where two courts have concurrent jurisdiction of a cause of action, the first court to exercise jurisdiction has *1178 the exclusive right to hear all issues or questions arising in the case. Royal Globe Ins. v. Gehl, 358 So.2d 228 (Fla. 3d DCA 1978); see also Florida Crushed Stone Co. v. Travelers Indem. Co., 632 So.2d 217 (Fla. 5th DCA 1994) (reversing summary judgment where lower court refused to stay state action involving same parties and similar issues in previously filed federal suit). The principle of priority rests not only upon comity between courts of concurrent jurisdiction, but also acts to prevent unnecessary litigation and a multiplicity of suits. Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982), receded from on other grounds, Thomas v. Thomas, 724 So.2d 1246 (Fla. 4th DCA 1999). Absent extraordinary circumstances which do not exist in this case, a trial court abuses its discretion when it fails to respect the principle of priority. See Merrill Lynch, Pierce, Fenner, and Smith, Inc. v. Ainsworth, 630 So.2d 1145 (Fla. 2d DCA 1993) (certiorari granted where trial court refused to stay action, stating that principle of priority provides that the court first exercising jurisdiction acquires exclusive jurisdiction to proceed).
PETITION GRANTED; WRIT ISSUED; ORDER QUASHED; REMANDED.
GRIFFIN, C.J. and W. SHARP, J., concur.