916 So.2d 25 (2005)
TOWN OF PALM BEACH SHORES, Appellant,
v.
CITY OF RIVIERA BEACH, Appellee.
No. 4D04-4869.
District Court of Appeal of Florida, Fourth District.
November 9, 2005.
Rehearing Denied January 5, 2006.
*26 Jack J. Aiello and John Mariani of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellant.
Elliot H. Scherker and Elliot B. Kula of Greenberg Traurig, P.A., Miami, and Susan Fleischner Kornspan of Greenberg Traurig, P.A., West Palm Beach, for appellee.
KLEIN, J.
In 1951 the City of Riviera Beach purchased a water treatment system from the adjacent town of Palm Beach Shores (town) and agreed to charge the residents of the town the same water rates as it charged its own residents. The trial court held that a statute passed in 1970 authorizing cities to charge users outside their city limits up to twenty-five percent more than those inside the city limits, rendered the rate limitation in the contract invalid. Although, generally speaking, where there is a conflict between a statute and a contract in the setting of utility rates, the statute prevails, this statute did not require Riviera Beach to charge a higher rate and there is no conflict. We accordingly reverse.
The contract required Riviera Beach to furnish town residents with water service at "identical rates or charges." The statute relied on by Riviera Beach, section 180.191(1), Florida Statutes (2004), provides:
(1) Any municipality within the state operating a water or sewer utility outside of the boundaries of such municipality shall charge consumers outside the boundaries rates, fees, and charges determined in one of the following manners:
(a) It may charge the same rates, fees, and charges as consumers inside the municipal boundaries. However, in addition thereto, the municipality may add a surcharge of not more than 25 percent of such rates, fees, and charges to consumers outside the boundaries. Fixing of such rates, fees, and charges in this manner shall not require a public hearing except as may be provided for service to consumers inside the municipality.
(b) It may charge rates, fees, and charges that are just and equitable and which are based on the same factors used in fixing the rates, fees, and charges for consumers inside the municipal boundaries. In addition thereto, the municipality may add a surcharge not to exceed 25 percent of such rates, fees, and charges for said services to consumers outside the boundaries. However, the total of all such rates, fees, and charges for the services to consumers outside the boundaries shall not be more than 50 percent in excess of the total amount the municipality charges consumers *27 served within the municipality for corresponding service.
Id. (Emphasis added.)
The statute thus provides that Riviera Beach "shall" charge outside customers either the same rates as its own residents or it "may" surcharge the outsiders up to twenty-five percent more than its own residents.
Riviera Beach did not attempt to charge the town residents more than its own residents until 2001, when some of the property conveyed by the 1951 contract was sold back to the town. During the negotiation of that contract the question arose as to whether Riviera Beach could increase the water rates, and that culminated in this declaratory relief action.
Riviera Beach's contention that it is no longer bound by the contract, in light of the statute, is grounded on the well-established law in Florida that the legislature has the ultimate control of rates charged by public utilities. Plantation v. Utils. Operating Co., 156 So.2d 842 (Fla. 1963); Tampa v. Tampa Waterworks Co., 45 Fla. 600, 34 So. 631 (1903).
The town's response to this argument is that the statute on which Riviera Beach relies, section 180.191, does not require a twenty-five percent surcharge, but rather, by the use of the term "may," grants the city discretion to charge an increased rate not to exceed twenty-five percent of what it charges its own residents. The town emphasizes that the 1951 agreement was not merely a representation by the city as to what it would charge, but was rather a promise made in exchange for the town conveying its water treatment plant and system to the city. The city, the town argues, is bound by the contract not to exercise the discretion granted by the statute. The town also points out that the statute on which Riviera Beach relies is entitled "Limitation on rates charged consumer outside city limits," which would indicate that it is to protect the outside consumer rather than mandate a rate increase.
We conclude that, because this statute does not require an increase in the rate charged nonresidents of the city, there is no inconsistency between the contractual rate and the statute and Riviera Beach is accordingly still bound by the contract.
Riviera Beach also argues that the term "surcharge," as used in the statute, is something different from what was contemplated by the contract; however, the contract requires that Riviera Beach charge the town "identical rates or charges... so that there shall be no discrimination in service or rates ... by reason of transmission distance from the well field, source of water supply or otherwise." The distinction the city attempts to make between "surcharge" and "rates or charges," under the facts in this case, is one without a difference.
We accordingly reverse and remand for entry of a judgment declaring that the contractual limitation on the rate is not affected by the statute.
MAY, J., and HOROWITZ, ALFRED J., Associate Judge, concur.