DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOWN OF INDIAN RIVER SHORES,** a municipal corporation
organized and existing under the Laws of the State of Florida,
Appellant,

v.

**CITY OF VERO BEACH,** a municipal corporation organized
and existing under the Laws of the State of Florida,
Appellee.

No. 4D22-1646

[May 10, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet Carney Croom, Judge; L.T. Case No. 312020CA000576.

Kevin W. Cox, Tiffany A. Roddenberry and D. Bruce May of Holland & Knight LLP, Tallahassee, for appellant.

Rachael M. Crews and Thomas A. Cloud of GrayRobinson, P.A., Orlando, for appellee.

PER CURIAM.

The Town of Indian River Shores appeals a final summary judgment in favor of the City of Vero Beach on the Town's declaratory judgment and breach of contract claims against the City. We affirm.

The Town claimed that its contract with the City to supply the Town with water required the City to match the County's rates for the same rate classifications. When the City refused to reduce its rate for pressurized reclaimed water to the County's rate for non-pressurized reclaimed water, the Town sued, arguing that the contract required the City to match the County's rate. The City, however, was providing pressurized reclaimed water, and the prior County rate category was simply for reclaimed water. The trial court found that the "Non-pressurized Reclaimed Water" was a different classification than "Pressurized Reclaimed Water," and thus according to the terms of the contract, the City did not have to meet the County rate. Viewing the entire record, we agree with the trial court that

the contract was not ambiguous, and no genuine issue of material fact remained in dispute.

Even if there was ambiguity in the contract, as advocated by the Town, the trial court was also correct that the City was entitled to set its rates as it deemed reasonable. "[R]ate-setting for municipal utilities is a legislative function to be performed by legislative bodies like local municipal governments and the commissions to which these bodies delegate such authority." *Mohme v. City of Cocoa*, 328 So. 2d 422, 424 (Fla. 1976). As applied to contracts for a municipality to provide water, our supreme court has held that as long as "a contract does not require the city to supply water at less than cost, then the contract is not invalid" as an unreasonable limitation upon municipal powers. *City of Daytona Beach v. Stansfield*, 258 So. 2d 809, 810 (Fla. 1972) (citing *City of Safety Harbor v. Pinellas Cnty.*, 218 So. 2d 528 (Fla. 2d DCA 1969)).

Here, the City presented substantial evidence that the cost to provide pressurized reclaimed water exceeded the County's revised charge for non-pressurized reclaimed water. The Town did not present any evidence to the contrary. Instead, the Town relied on the City engineer's deposition, where the engineer stated that the City did not consider whether the "entire enterprise" of the water and sewer department would lose money if the City matched the County's rate for reuse water. The Town failed to show that the City's entire enterprise would not lose money by using the County's extremely reduced rate for non-pressurized water. Additionally, we agree with the trial court that the City showed that using the County's rate would force the City to charge higher rates to city residents, which is contrary to section 180.191, which allows a municipality to charge the *same* rate to water users outside its jurisdiction. § 180.191(1)(a), Fla. Stat. (2019). The statute does not authorize a municipality to charge less to outside users than its own citizens. *See, e.g., Town of Palm Beach Shores v. City of Riviera Beach*, 916 So. 2d 25, 27 (Fla. 4th DCA 2005); *City of Clearwater v. Bonsey*, 180 So. 2d 200, 203–04 (Fla. 2d DCA 1965).

We thus affirm the final summary judgment.

*Affirmed.*

WARNER, GERBER and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2